UNITED STATES of America, Appellee,

v.

John B. RUKLICK, Appellant.

No. 89–3080.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 14, 1990.

Decided Nov. 21, 1990.

---

\* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

Elliot T. Price, Chicago, Ill., for appellant.

Lester A. Paff, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, and HEANEY and BRIGHT, Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

John B. Ruklick appeals the sentence imposed following his guilty plea to distributing more than ten grams of LSD in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(v) (1988). On appeal, Ruklick contends that the district court erroneously believed it could not depart downward under section 5K2.13 of the Sentencing Guidelines, see United States Sentencing Commission, Guidelines Manual, § 5K2.13, p.s. (Nov. 1989) [hereinafter U.S.S.G.], unless diminished mental capacity amounted to a but-for cause of his offense. Ruklick further argues that the district court incorrectly calculated the total weight of the controlled substances for which he was accountable. The record reveals that the district court misunderstood the extent of its authority to consider Ruklick's diminished mental capacity as a basis for downward departure. Accordingly, we reverse and remand for resentencing on this narrow issue.

## I. BACKGROUND

On February 23, 1989, the Government indicted Ruklick on three counts of distributing LSD, two counts of distributing MDMA and one count of conspiracy to distribute LSD and MDMA.[1] According to the presentence report, these counts encompassed 211.37 grams of LSD and 77.96 grams of MDMA. The calculation for the weight of the LSD included the weight of the blotter paper containing the LSD. Based on the combined weights for the LSD and MDMA,[2] the Guidelines dictated a sentencing range of 151 to 188 months imprisonment notwithstanding that Ruklick was a first-time offender and had demonstrated affirmative acceptance of responsibility.

On April 25, 1989, Ruklick pled guilty to one count of distributing LSD. The plea agreement dismissed the remaining counts against Ruklick, but left the drug quantity open. At sentencing, Ruklick argued that the weight calculation for the LSD should not include the weight of the blotter paper. The district court rejected this argument and adopted the presentence report's calculation of drug quantity. At that time, Ruklick presented no other objections to the drug quantity calculations.

In addition, Ruklick argued for a downward departure premised on diminished mental capacity under U.S.S.G. § 5K2.13. In support of this theory, Ruklick presented evidence that his offense resulted, in part, from emotional difficulties stemming from a childhood illness. Specifically, in third grade, Ruklick developed a degenerative joint disease that required Ruklick to wear a leg brace and resulted in six surgeries. As a result of this illness, Ruklick withdrew from his peer group and ultimately sought refuge in musical subcultures. By seventh grade, Ruklick had developed an obsession with the Grateful Dead, a rock band that reportedly sanctioned illegal drug use. According to one

---

1. LSD stands for lysergic acid diethylamide; MDMA stands for 3,4–Methylenedioxyamphetamine.

2. Pursuant to U.S.S.G. § 2D1.1(a)(3) & comment. (n. 10), the LSD and MDMA quantities were converted to a heroin equivalent of 21.139 kilograms.

psychological expert, Ruklick, age twenty-one, functioned at the level of a twelve-year-old. Additionally, this expert opined that Ruklick suffered from a long-standing schizoaffective disorder that anteceded drug abuse and impaired Ruklick's judgment.

Based on the above evidence, the district court made the following factual findings:

The Court concludes that the Defendant has been shown by reliable and convincing evidence to have a significantly reduced mental capacity. The Court finds that the mental capacity was in part reduced by the underlying mental illness or psychiatric problem ... and ha[s] in part led to the unlawful drug use and drug dealing that came on.

Sent. tr. at 82–83. Nevertheless, the district court refused to depart downward, citing the following rationale:

I am concerned ... that there is not really a clear showing here that the offense would not have been committed but for the mental illness; because there was a great deal in the background of this young man that was not caused by the mental illness; a great deal that had to do with environmental, family and other problems that I do not believe was intended to cause a departure. The Court finds it's very difficult to sort out precisely why John Ruklick committed the drug offenses.

. . . .

The bottom line here is that the Court believes that the Defendant has shown no basis for a departure from the guideline range in this case. And the Court concludes that the reduced mental capacity is not shown to have been so significant as to have brought about the criminal behavior and made necessary his commitment of this offense and made appropriate a departure from the appropriate guidelines.

Sent. tr. at 83–84.

This appeal followed.

## II. DISCUSSION

### A. Downward Departure

Ruklick contends that the district court erroneously concluded that it could not depart downward from the Guidelines under section 5K2.13 unless diminished capacity amounted to a but-for cause of Ruklick's offense. We agree.

Ordinarily, the district court has great discretion to determine the appropriateness of a downward departure. *United States v. Yellow Earrings*, 891 F.2d 650, 654–55 (8th Cir.1989); *see also United States v. Smith*, 909 F.2d 1164, 1168 (8th Cir.1990) ("There is a growing awareness of measured play in the joints of the Guidelines."). In fact, we have previously held that the district court's refusal to depart downward from the Guidelines is unreviewable. *United States v. Follett*, 905 F.2d 195, 197 (8th Cir.1990). On the other hand, in *United States v. Evidente*, 894 F.2d 1000, 1005 (8th Cir.) (dictum), *cert. denied*, —— U.S. ——, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990), we indicated that we would not hesitate to remand for resentencing where the district court misunderstood its authority to grant a downward departure.

In the instant case, the district court denied a departure on the grounds that Ruklick's reduced mental capacity was not the sole cause of his drug-related offense. The Guidelines policy statement for diminished capacity, however, contains no such requirement. Rather, that Guidelines section provides:

*Diminished Capacity* (Policy Statement)

If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

U.S.S.G. § 5K2.13. Thus, the express language of the policy statement does not require proof amounting to but-for causation. Accordingly, we interpret section 5K2.13 to authorize a downward departure where, as here, a defendant's diminished

capacity comprised a contributing factor in the commission of the offense. *See United States v. Spedalieri*, 910 F.2d 707, 711 (10th Cir.1990) (dictum) (court is not constrained by jury's rejection of diminished capacity defense); *cf. United States v. Cheape*, 889 F.2d 477, 480 (3d Cir.1989) (Sentencing Commission did not intend to require coercion amounting to complete defense for departures under U.S.S.G. § 5K2.12, p.s.).

### B. Calculation of Drug Quantity

■ On appeal, Ruklick raises a number of issues pertinent to the calculation of drug quantity. The only issue presented to the district court, however, is Ruklick's contention that the weight of blotter paper should not be included in weight calculations for LSD offenses. An Eighth Circuit panel has already addressed the blotter paper issue and resolved it adversely to Ruklick's position. *United States v. Bishop*, 894 F.2d 981, 984–87 (8th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 106, 112 L.Ed.2d 77 (1990). Because Ruklick's remaining arguments neither rise to the level of plain error nor present questions of manifest injustice, we do not address them in this opinion.

### III. CONCLUSION

The district court erroneously underestimated its authority to consider a downward departure based on the contributory effect of Ruklick's diminished mental capacity. Accordingly, we reverse Ruklick's sentence and remand for a reconsideration of the departure issue. In all other respects, we affirm.