**UNITED STATES of America, Appellee,**

v.

**Patrick Gene SAYERS, Appellant.**

No. 90–5056.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 14, 1990.

Decided Nov. 27, 1990.

Douglas Altman, Minneapolis, Minn., for appellant.

Lynn Zentner, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, HEANEY and BRIGHT, Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

Patrick Gene Sayers appeals his conviction and sentence for assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. §§ 113(c), 1153 (1988). On appeal, Sayers contends that the district court[1] erred in denying his motions for substitute counsel and a judgment of acquittal. In addition, Sayers alleges error in the district court's refusal to depart downward from the Sentencing Guidelines in imposing sentence.[2] We affirm.

## I. BACKGROUND

In the early morning hours of January 4, 1989, Patrick Sayers and Martin Clark were drinking at a party at a residence on the Red Lake Indian Reservation. Suddenly, they became embroiled in a physical altercation, and Clark fell to the floor. Moments later, witnesses saw Sayers standing over Clark holding a hunting knife in his hand. Subsequent events revealed that Clark had suffered two life-threatening stab wounds.

Immediately thereafter, Sayers left the residence with a friend. Sayers reportedly told the friend: "Martin should have never messed with [me]." Tr., vol. I, at 47.

At about 3:00 a.m., Sayers showed up "[d]runk and scared" at the home of another friend, Craig Roy. Tr., vol. II, at 127. According to Roy, Sayers was carrying a hunting knife and admitted stabbing Clark. At that time, Sayers indicated that there had been a quarrel and that Clark had called him "a bitch or something." Tr., vol. II, at 129.

The Government charged Sayers, a Native American, with assault with a dangerous weapon with intent to do bodily harm under 18 U.S.C. §§ 113(c), 1153. On October 10, 1989, Sayers made his first appearance and was appointed counsel from the private bar. On October 16, 1989, however, Sayers requested a different attor-

ney. The district court granted the motion, and, on October 27, 1989, appointed a federal defender to represent Sayers.

The week before trial, in a letter dated November 20, 1989, Sayers accused his newly-appointed counsel of providing ineffective assistance and again requested substitute counsel. At a hearing on November 22, the court denied the request. On the first day of trial, Sayers reiterated his request for substitute counsel, relying on essentially the same reasons as the court rejected at the November 22 hearing. The court again denied the motion.

At trial, Sayers relied on a two-pronged defense. First, he denied stabbing Clark. In support of this position, Sayers pointed to the fact that Clark remembered virtually nothing from the incident and that no one else present actually saw the stabbing occur.

Second, Sayers maintained that his actions, if any, were justified as a matter of law on the grounds of self-defense and defense of another. To support these contentions, Sayers produced evidence that Clark had a history of acting irresponsibly under the influence of alcohol. In addition, Sayers called Ramona Strong, his wife by Indian tradition, to testify about Clark's character and his behavior at the party. According to Strong, Clark had a reputation for fighting and for "being snaky and carrying knives," tr. at 21 (unnumbered volume containing testimony of Ramona Strong). In addition, Strong testified that Clark had harassed her sexually throughout the evening in question. Strong further stated that somewhere between 1:00 and 2:00 a.m., Clark had grabbed her by the hair, unzipped his pants and attempted to pull her face toward his crotch. According to Strong, Clark's behavior required the intervention of several persons, during which time the stabbing occurred.

Notwithstanding Strong's testimony, the jury found Sayers guilty of assaulting

---

1. The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

2. *Sayers also raises several arguments for reversal in a pro se brief. Our review of these arguments convinces us that they lack merit. We therefore do not address them further in this opinion.*

Clark with a dangerous weapon. Under the Sentencing Guidelines, *see* United States Sentencing Commission, *Guidelines Manual* (Nov.1989) [hereinafter U.S.S.G.], the applicable sentence for Sayers ranged between seventy and eighty-seven months. However, the maximum sentence permitted for Sayers' offense, assault under 18 U.S.C. § 113(c), was only sixty months. Thus, by operation of U.S.S.G. § 5G1.1(a), the statutory maximum sentence of sixty months became the Guidelines sentence applicable to Sayers. Accordingly, the district court sentenced Sayers to sixty months imprisonment. In imposing the above sentence, the district court rejected Sayers' request to reduce his sentence below the sixty-month level on a theory that Clark's alleged misconduct "contributed significantly to provoking the offense behavior," U.S.S.G. § 5K2.10, p.s.

This appeal followed.

## II. DISCUSSION

### A. Judgment of Acquittal

█ In reviewing a denial of a motion for judgment of acquittal, this court must view the evidence in the light most favorable to the Government and give the Government the benefit of all reasonable inferences. *United States v. DeLuna*, 763 F.2d 897, 924 (8th Cir.), *cert. denied*, 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985). According to Sayers, the Government's evidence left a reasonable doubt about whether he, or someone else, stabbed Clark. The evidence most favorable to the Government, however, reveals that Sayers was holding a hunting knife moments after Clark fell to the ground. The evidence further discloses that Sayers essentially admitted stabbing Clark on two separate occasions. The above facts could clearly support a jury finding beyond a reasonable doubt that Sayers inflicted Clark's injuries.

Sayers nevertheless contends that, in the event that he did stab Clark, his actions were justified as a matter of law on theories of self-defense and defense of another. Specifically, Sayers points to evidence that (1) Clark attempted to sexually assault Ramona Strong shortly before the stabbing occurred, and (2) that Clark had a history of violent and irresponsible behavior.

We disagree that this evidence suffices to warrant an acquittal. The only evidence supporting Sayers' theory of defense comes from Strong. Based on the trial record, we think the jury could discount Strong's testimony and return a verdict against Sayers.

### B. Conflict with Counsel

Sayers contends that the district court's refusal to appoint a second substitute attorney unduly prejudiced his defense. According to Sayers, appointed counsel failed to sufficiently investigate the case or to subpoena witnesses who may have had knowledge about the stabbing. We conclude otherwise.

█ To warrant substitute counsel, a defendant must show justifiable dissatisfaction with appointed counsel. *See United States v. Hart*, 557 F.2d 162, 163 (8th Cir.) (per curiam), *cert. denied*, 434 U.S. 906, 98 S.Ct. 305, 54 L.Ed.2d 193 (1977). Not every restriction on counsel's time or opportunity to investigate violates a defendant's sixth amendment right to counsel. *Morris v. Slappy*, 461 U.S. 1, 11, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983). In the instant case, only two persons present when the stabbing occurred were not called to testify, and one of them had been extremely intoxicated. Moreover, Sayers points to no specific witness who would have exculpated him. Accordingly, we see no abuse of discretion in the district court's refusal to grant Sayers' request for substitute counsel. *Cf. United States v. Crosby*, 917 F.2d 362, 366–68 (8th Cir.1990).

### C. Sentencing

█ Sayers contends that the district court failed to recognize its authority to depart below the sixty-month sentence imposed by operation of U.S.S.G. § 5G1.1(a) and urges us to remand for resentencing on this ground. According to Sayers, an additional reduction in sentence is warranted to take into account the contributory effect of victim misconduct. *See* U.S.S.G. § 5K2.10, p.s.

We agree with Sayers that the district court possessed authority to depart below the sentence assigned under U.S.S.G. § 5G1.1(a).[3] Admittedly, a pure calculation of the Guidelines would have produced a sentencing range of seventy to eighty-seven months for Sayers. Nevertheless, under section 5G1.1(a), the sixty-month statutory maximum became Sayers' Guidelines sentence. The district court remained free to depart below this sixty-month Guidelines sentence in an appropriate case. The commentary to section 5G1.1 suggests as much in recognizing that "a sentence of less than [the statutory maximum] would be a guideline departure."

Moreover, in this circuit, we have recognized that district courts possess great discretion to determine the appropriateness of a downward departure. *United States v. Ruklick*, 919 F.2d 95, 97 (8th Cir.1990); *United States v. Yellow Earrings*, 891 F.2d 650, 654–55 (8th Cir.1989). Under 18 U.S.C. § 3553(b) (1988), the district court may impose a sentence outside the range established by the Guidelines if the court finds "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."[4] By their very nature, the circumstances that may warrant departure from the Guidelines pursuant to this provision resist comprehensive enumeration or analysis in advance. U.S.S.G. § 5K2.0, p.s. Consequently, the controlling decision as to whether and to what extent departure is warranted can only be made by the court at the time of sentencing. *Id.*

In *Yellow Earrings*, 891 F.2d at 654–55, we held:

The highly situation-specific nature of the Guidelines factors suggests that appellate courts should accord great deference to ensuing district court determinations—both with respect to the threshold decision to impose a sentence below the Guidelines in the first instance, as well as to the district court's determination of the extent of departure warranted.

(Citations omitted.) The *Yellow Earrings* case addressed the issue of downward departure under circumstances somewhat similar to the instant case. There, we determined that the district court properly considered the sexual misconduct of the victim in deciding to impose a sentence lower than that called for by the Guidelines. *Id.* at 653–55. In reaching this conclusion, we observed: "The Guidelines do not entirely overcome, nor completely hamstring, the trial judge's function to make a reasoned downward departure." *Id.* at 655.

If we thought that the district court in the instant case misunderstood its authority to depart, we would not hesitate to remand for resentencing. *Ruklick*, 919 F.2d at 97. The record does not suggest to us, however, that the district court underestimated its authority to grant a reasoned downward departure. Indeed, the district court expressly noted it was "not disposed to grant" a downward departure based on victim misconduct. Sent. tr. at 4. Likewise, the Report of Statement of Reasons for Imposing Sentence filed by the district court stated: "The court finds no reason to depart from the Guidelines." Designated Record at 86. As a result, we are satisfied that the district court knew of its authority to depart and declined to do so. *Cf. United States v. Johnson*, 908 F.2d 396, 398–99 (8th Cir.1990).

## III. CONCLUSION

We perceive no error in Sayers' conviction or sentence. Accordingly, we affirm.

---

**3.** Section 5G1.1(a) provides: "Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."

**4.** The Sentencing Commission has identified at least four mitigating circumstances that have not received adequate consideration in the Guidelines. *See, e.g.,* U.S.S.G. § 5K2.10, p.s. (Victim's Conduct); § 5K2.11, p.s. (Lesser Harms); § 5K2.12, p.s. (Coercion & Duress); § 5K2.13, p.s. (Diminished Capacity).