**UNITED STATES of America, Appellee,**

v.

**Edwin Paul SCHNEIDER, Appellant.**

**No. 91–1209.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 9, 1991.

Decided Nov. 5, 1991.

David E. Grinde, Cedar Rapids, Iowa, for appellant.

Roger E. Overholser, Cedar Rapids, Iowa, for appellee.

Before McMILLIAN, FAGG and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Edwin Paul Schneider appeals from a final judgment entered in the District Court[1] for the Northern District of Iowa finding him guilty, upon a plea of guilty, of one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Schneider to twenty-five months imprisonment. For reversal Schneider argues the district court erred in refusing to depart below the applicable guideline sentencing range pursuant to U.S.S.G. § 5K2.0 based on the circumstances surrounding the offense. For the reasons discussed below, we affirm the judgment of the district court.

Schneider had been earlier convicted and sentenced for dealing in firearms without a license and being a felon in possession of a firearm. He placed an advertisement in a local newspaper offering to sell two shotguns. Members of the county sheriff's office noticed that the telephone number in the advertisement belonged to Schneider, and they contacted state and federal authorities. Schneider sold the shotguns to agents investigating the case. He informed one of the agents that he had been convicted of a federal firearms charge and that he had other firearms in his house that he was willing to sell. Three additional shotguns were recovered as a result of a search of Schneider's house pursuant to a warrant.

From a base offense level of 12, *see* U.S.S.G. § 2K2.1(a)(2), the probation officer recommended a two-level decrease for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Schneider's criminal history category of V included ten points for his earlier firearm and theft convictions. The applicable guidelines sentencing range was 21–27 months imprisonment.

At sentencing Schneider asked the district court to depart downward under § 5K2.0 based on the facts surrounding the offense. Schneider stated that he sold the firearms in an effort to convince his wife to reconcile with him and that he had never used the firearms stored in the house. He also stated that he informed one of the agents that he was selling the firearms because he was a convicted felon and had been unable to use the guns for several years. Schneider explained that he had referred to a firearm owned by an individual in Wisconsin when he informed one of the agents that he had other firearms for sale. Bernard Hall, a retired chief of police, testified as to Schneider's good character and positive involvement in the community. Hall stated he did not believe that Schneider intended to do anything wrong when he sold the shotguns and that he had never seen Schneider in possession of firearms.

Schneider's son, Ron, testified there had been three firearms hanging on the wall in the house he shared with his father, that he owned two of the firearms, and his brother *who lived in a different city* owned the third gun. Ron also stated he never saw his father use the three firearms stored in the house, and he never saw the two shotguns his father sold. Schneider's daughter, Diane Greve, testified that Schneider had given her two shotguns in 1980 or 1981 because he could not possess them anymore. Greve also testified that Schneider told her he was taking back the shotguns in order to sell them and raise money to bring his wife home. Greve stated that she never saw her father with firearms after his release from prison.

The district court found that no mitigating circumstances existed which the Guidelines had not taken into consideration, because the offense constituted the crime in its "usual and common form." The district court opted "to exercise [its] discretion in not departing downward." The district court noted it could not reconcile Schneider's "good side" with his extensive criminal

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

history and sentenced Schneider to twenty-five months imprisonment.

On appeal Schneider argues that the district court erred in failing to depart from the sentencing range pursuant to § 5K2.0 based on the circumstances surrounding the offense and, notwithstanding *United States v. Evidente*, 894 F.2d 1000 (8th Cir.) (*Evidente* ), cert. denied, —— U.S. ——, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990), that 18 U.S.C. § 3742(a) does not preclude this court's review. Schneider argues pro se that the district court additionally erred in failing to depart under U.S.S.G. § 5K2.13 for diminished capacity and under U.S.S.G. § 5K1.1 for substantial assistance. Schneider claims diminished capacity as a result of "the undue coercion and sheer overbearance of a wife who was exploiting him" and his "diminished intent" in refusing to circumvent the law by having his daughter sell the firearms on his behalf. He also asserts the district court could have departed downward, sua sponte, under § 5K1.1 as a result of his "prompt and willing guilty plea which aided in the administration of justice."

The district court's decision not to depart downward under § 5K2.0 is non-reviewable. *See Evidente*, 894 F.2d at 1004. Schneider's failure to raise his arguments concerning diminished capacity and substantial assistance before the sentencing court precludes this court's consideration of these issues on appeal. *See United States v. Tibesar*, 894 F.2d 317, 319 (8th Cir.), cert. denied, —— U.S. ——, 111 S.Ct. 79, 112 L.Ed.2d 52 (1990). These arguments are without merit in any event. Schneider has failed not only to show that he suffers from a "significantly reduced mental capacity," but that his reduced mental capacity contributed to the commission of the crime. *See* U.S.S.G. § 5K2.13; *United States v. Ruklick*, 919 F.2d 95, 97–98 (8th Cir.1990). We construe Schneider's argument regarding departure for substantial assistance as a request for an acceptance-of-responsibility reduction, which he received.

Accordingly, we affirm the judgment of the district court.