963 F.2d 376
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
United States of America, Appellee,
v.
Andrew T. Ainsworth, Appellant.
 No. 91-3611.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 12, 1992.
Filed: June 2, 1992.
 
 Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Andrew T. Ainsworth appeals the sentences imposed on him by the District Court[1] for the District of Nebraska after he pleaded guilty to bank robbery and firearm charges. We affirm.
 
 
 2
 The government charged Ainsworth in the District of Nebraska with armed bank robbery of Packer's Bank and Trust Company in Omaha, Nebraska; with using and carrying a firearm during the commission of that robbery; and with armed robbery of the Nebraska State Bank in Omaha, Nebraska, in violation of 18 U.S.C. § 2113(a), (d), and 18 U.S.C. § 924(c). The government also charged him in the District of Minnesota with armed robbery of the Premier Bank in Roseville, Minnesota, and with carrying a firearm in the commission of that robbery.
 
 
 3
 Ainsworth entered into a plea agreement with the United States Attorney's Office for the District of Minnesota, under which he agreed to plead guilty to the robbery of Premier Bank, and the government agreed to dismiss the firearm count conditioned upon Ainsworth's guilty plea in Nebraska to the robbery of Packer's Bank and Trust and the related firearm charge. Ainsworth agreed the Minnesota and Nebraska sentences would be imposed consecutively, and acknowledged that a second firearms conviction would carry a mandatory consecutive twenty-year sentence. He pleaded guilty in the District of Minnesota to the robbery of Premier Bank, and subsequently pleaded guilty in the District of Nebraska to the charges pending there.
 
 
 4
 Applying the multiple count adjustment rules, the presentence report (PSR) calculated a combined adjusted offense level of 28 for the two Nebraska robberies and subtracted two points for acceptance of responsibility, yielding a total offense level of 26. (The firearm count, which required a consecutive sentence, was excluded from the multiple count adjustment. See U.S.S.G. § 3D1.1(b).) The resulting sentencing range for the Nebraska robberies was 63 to 78 months.
 
 
 5
 Ainsworth appeared for sentencing before the district court on November 13, 1991. At that time, sentencing was still pending in the District of Minnesota. Ainsworth asked the district court to depart downward because he would have been given the benefit of the multiple count adjustment for the Minnesota robbery if that robbery had occurred in Nebraska and had been sentenced in one proceeding with the two Nebraska robberies. The district court refused to depart downward, concluding that it could not anticipate how the Minnesota district court would sentence Ainsworth, and that it was that court's responsibility to determine whether there ought to be a departure. The district court sentenced Ainsworth to seventy months imprisonment on the robbery charges and to a consecutive sentence of sixty months on the firearm charge. In this appeal, Ainsworth challenges the district court's refusal to depart downward.[2]
 
 
 6
 A sentencing court has discretion to depart downward from a Guidelines range if the court finds a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b); see also U.S.S.G. § 5K2.0. This court may not review a sentencing court's refusal to depart downward, but it may review a claim that the sentencing court believed it lacked authority to depart. United States v. Evidente, 894 F.2d 1000, 1004-05 (8th Cir.), cert. denied, 495 U.S. 922 (1990).
 
 
 7
 Upon review of the sentencing transcript, we conclude the district court exercised its discretion not to depart downward. In any case, we disagree with Ainsworth that the Sentencing Commission did not adequately consider the sentencing of multiple offenses which occur in different jurisdictions. In commentary effective at the time Ainsworth was sentenced, the Commission explicitly considered sentencing options for multiple offenses sentenced in separate proceedings. The commentary to U.S.S.G. § 5G1.3 (Nov. 1990) provides as follows:
 
 
 8
 Where the defendant is serving an unexpired term of imprisonment, but did not commit the instant offense while serving that term of imprisonment, the sentence for the instant offense may be imposed to run consecutively or concurrently with the unexpired term of imprisonment. The court may consider imposing a sentence for the instant offense that results in a combined sentence that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time.
 
 
 9
 Thus, even if the Minnesota district court ultimately imposed a sentence to run consecutively with the Nebraska sentence, in accordance with the plea agreement, and even if it did not fashion a sentence giving Ainsworth the benefit of a multiple count adjustment, from the standpoint of the Nebraska district court at sentencing, the Commission had adequately considered Ainsworth's situation.
 
 
 10
 We need not consider Ainsworth's argument that the plea agreement procedures here interfered with his constitutional right to counsel, because he did not specifically raise that claim before the district court. See United States v. Schneider, 948 F.2d 1074, 1076 (8th Cir. 1991). In any event, he has not explained on appeal how the procedures interfered with his right to counsel. To the extent he is arguing here, as he did at sentencing, that the Minnesota plea agreement unduly tied defense counsel's hands, his argument lacks merit.
 
 
 11
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska
 
 
 [2]
 We disagree with the government that Ainsworth's plea agreement in the District of Minnesota barred him from raising this departure issue. Although he agreed to consecutive sentences for the Nebraska and Minnesota charges, he did not agree to refrain from asking for a downward departure on the Nebraska sentence