991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David ADDISON, Defendant-Appellant.
 No. 92-1863.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1993.
 
 Before MERRITT, Chief Judge, and BOGGS and BATCHELDER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant David Addison appeals his sentence after a jury conviction on two counts of being a felon in possession of a firearm and one count of possession of an unregistered firearm. Addison contends that the district court erred in applying section 2K2.1(c)(2) of the United States Sentencing Guidelines ("U.S.S.G.") because the court's finding was based on uncorroborated hearsay evidence. We affirm.
 
 
 2
 * On May 15, 1991, federal agents searched 15070 Forrer in Detroit, Michigan. In the upstairs apartment, the agents found Defendant David Addison, a convicted felon, sitting on a couch. Under a cushion on the couch, the agents found a 9-millimeter semi-automatic pistol. A sawed-off shotgun was found in the bedroom. The agents also found personal items that connected Addison with the residence, including a cancelled check listing Addison as living at 15070 Forrer. Addison was indicted on October 15, 1991 on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of an unregistered firearm, in violation of 18 U.S.C. § 5861(d).
 
 
 3
 On December 11, 1991, the agents returned to 15070 Forrer to serve Addison with an arrest warrant. Shortly after they identified themselves at the door, they saw Robert Calhoun and Donald Boxley, Addison's eighteen-year-old nephew, jump out of a second-floor window and flee from the agents. The agents caught Calhoun about a block from the house and found a loaded .38 caliber pistol and a small amount of crack cocaine on him. Boxley was arrested later that day at his mother's house. Boxley and Calhoun were charged in a separate indictment with conspiracy to distribute crack cocaine and aiding and abetting the carrying of a firearm during a drug trafficking crime.
 
 
 4
 On February 13, 1992, a jury found Addison guilty of all three counts following a three-day jury trial. The trial included testimony from Boxley. Boxley was originally called by the government but refused to testify despite being granted immunity. He only agreed to testify after the district court found him in contempt. Boxley testified that Addison had lived in the upstairs apartment at 15070 Forrer for 17 years and that he had seen Addison with a 9-millimeter pistol at that address.
 
 
 5
 Two days later, Boxley appeared as a defense witness and disavowed the testimony he gave as a government witness. On cross-examination, Boxley admitted to signing a sworn statement that was consistent with his prior testimony. The sworn statement also stated that Boxley, Calhoun, and Addison sold fourteen grams of crack cocaine from 15070 Forrer every two days during 1991 and that Addison carried the 9-millimeter pistol while selling crack cocaine. Boxley testified that the sworn statement was not true, that he never read it before signing it, and that he was not advised of his constitutional rights before signing it.
 
 
 6
 At the sentencing hearing, the district court applied U.S.S.G. § 2K2.1(c)(2) because a preponderance of the evidence indicated that Addison possessed a firearm in connection with the distribution of more than 20 grams of crack cocaine. This resulted in an offense level of 30 and a sentencing range of 121-151 months. The district court sentenced Addison to the statutory maximum of 120 months. Had the court not found U.S.S.G. § 2K2.1(c)(2) to be applicable, Addison's offense level would have been 12 and the appropriate sentencing range would have been 15-21 months.
 
 
 7
 The district court based its finding that U.S.S.G. § 2K2.1(c)(2) was applicable entirely on the sworn statements of Boxley and Calhoun, as read by Agent Griffith at the sentencing hearing. Calhoun's statement included a confession that he, Boxley, and Addison had been selling 14 grams of crack cocaine every other day from 15070 Forrer. Neither Boxley nor Calhoun appeared at the sentencing hearing.[1]
 
 II
 
 8
 Addison contends that the district court erred in applying U.S.S.G. § 2K2.1(c)(2) because the court's finding that Addison used a firearm in connection with drug trafficking rested entirely on the sworn statements of Boxley and Calhoun, as read by Agent Griffith at the sentencing hearing. As Addison stresses, these statements were hearsay. Addison contends that the consideration of these hearsay statements violated his Fifth Amendment right to confrontation, and he argues that these statements, without other corroborating evidence, did not constitute sufficiently reliable evidence for sentencing.
 
 
 9
 In United States v. Silverman, 976 F.2d 1502 (6th Cir.1992) (en banc), this court discussed at length the sources and types of evidence that a sentencing judge may consider and the procedural protections afforded defendants. We relied extensively on Williams v. New York, 337 U.S. 241 (1949), in which the Supreme Court stressed the history of allowing a sentencing judge "wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by law." Id. at 246. The Supreme Court concluded that the sentencing judge's "task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant--if not essential--to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." Id. at 247.
 
 
 10
 In Silverman, we concluded that the Sentencing Guidelines do not alter the "long established principle ... that the constitutional protections afforded defendants at a criminal trial, including confrontation rights, are not available at sentencing proceedings to limit the court's consideration of the background, character, and conduct of the defendant." Silverman, 976 F.2d at 1511. A sentencing judge may consider illegally obtained evidence, hearsay evidence, and even uncorroborated hearsay evidence if 1) the defendant is given an opportunity to refute the evidence, and 2) the evidence bears "some minimal indicia of reliability in respect of defendant's right to due process." Id. at 1512-13; see also United States v. Herrera, 928 F.2d 769 (6th Cir.1991); United States v. Robinson, 898 F.2d 1111 (6th Cir.1990); United States v. Smith, 887 F.2d 104 (6th Cir.1989).
 
 
 11
 There is no dispute that Addison was given an opportunity to refute the statements. Therefore, the only issue before this court is whether the statements of Boxley and Calhoun, as read by Agent Griffith at the sentencing hearing, bore "some minimal indicia of reliability." If so, the district court's finding that Addison possessed a firearm in connection with drug trafficking need only be supported by a preponderance of the evidence and can only be disturbed by this court if clearly erroneous. United States v. Miller, 919 F.2d 1321, 1328 (6th Cir.1990).
 
 
 12
 The statements of Boxley and Calhoun include admissions that they, along with Addison, had been selling 14 grams of crack cocaine every other day from 15070 Forrer and that they had seen Addison with a firearm during these drug transactions. These statements certainly support the district court's finding. Addison, however, contends that neither statement is reliable. At Addison's trial, Boxley testified that his statement was not true, that he never read his statement before he signed it, and that he was not advised of his constitutional rights before signing it. Also, after Boxley was found guilty of drug conspiracy charges, the district court granted Boxley's motion for acquittal because it found that the government had failed to support the statement with corroborating evidence. The government stresses, however, that evidence was presented at Addison's sentencing hearing that was not presented at Boxley's trial, including 1) the half-gram of crack cocaine found on Calhoun, 2) Calhoun's statement, and 3) Boxley's testimony at Addison's trial.
 
 
 13
 At the sentencing hearing, Addison's counsel presented evidence that Calhoun testified under oath that he was beaten prior to his confession and that Calhoun read at a third-grade level. However, the record before the sentencing court also indicated that Calhoun's statement was admitted into evidence at Calhoun's trial after his motion to suppress the statement for involuntariness was denied.
 
 
 14
 We recognize that the government presented no extrinsic evidence to support Boxley's and Calhoun's statements. Although federal agents searched Addison's residence, they found no cocaine, scales, or other evidence of drug trafficking. Nevertheless, we hold that the sworn statements were sufficiently reliable and provided proper grounds for the district court's application of U.S.S.G. § 2K2.1(c)(2). Central to our holding is the fact that Boxley and Calhoun provided very similar descriptions of the drug activity: each identified the other as a co-conspirator with Addison, both claimed that they sold one-half ounce of crack cocaine every other day from 15070 Forrer, both claimed that they were paid by Addison in two-hundred-dollar allotments, and both claimed that Addison used a firearm during the drug transactions. The similarity of detail in these statements implies either that both statements are true, or that these details were supplied or suggested by Agent Griffith.
 
 
 15
 Addison's counsel had the opportunity to cross-examine Agent Griffith about the validity of the statements and the context in which they were taken. Also, the district court, as it stressed at the sentencing hearing, observed Boxley's refutation of his statement at the trial and his demeanor and responses on cross-examination.
 
 
 16
 After careful consideration of these factors, we hold that it was not clear error for the district court to reject the claims of Boxley and Calhoun that their statements were tainted by coercion or subterfuge. Accordingly, we hold that the district court did not err by relying on these highly similar statements to support its finding that Addison possessed a firearm in connection with the distribution of more than 20 grams of crack cocaine.
 
 III
 
 17
 For the foregoing reasons, we hold that the district court's application of the U.S.S.G. § 2K2.1(c)(2) was supported by a preponderance of the evidence and therefore AFFIRM Addison's sentence.
 
 
 18
 MERRITT, Chief Judge, concurring.
 
 
 19
 Although I adhere to my dissenting opinion in United States v. Silverman, 976 F.2d 1502 (6th Cir.1992) (en banc ), the case is now the law of the Circuit and I agree that the Court has properly applied the holding and the reasoning of the majority in the Silverman opinion.
 
 
 
 [1]
 In separate trials, Boxley and Calhoun were found guilty of conspiracy to distribute cocaine base and of aiding and abetting Addison in carrying a firearm during a drug trafficking crime. Boxley's conviction, however, was dismissed by the district court because the government failed to introduce extrinsic evidence to support the admissions made in Boxley's statement, as required by Opper v. United States, 348 U.S. 84, 89-91 (1954) and United States v. Pennell, 737 F.2d 521, 537 (6th Cir.1984)