## UNITED STATES of America, Appellee,

v.

Yvonne DANIELS, also known as Zip; Samuel Henley, also known as Pop, also known as Sam; Michael Chaney, also known as Mike, also known as Mick; James Broadway, also known as Pork; Claude Davis, also known as Cahuna; Sharieff Grant; Louis Nieves, also known as Louis Ramos; Karen Martinez, also known as Jazz Torres; Tony McAfee, also known as Tr, also known as Lt; Lorraine Garcia, also known as Chula, Defendants,

Bobby WAINWRIGHT; Tracey Harris, also known as Shorty, also known as Tray; William Cole, also known as Will; Troy Harris, also known as Gunny, Defendants–Appellants.

No. 01–1066(L).

United States Court of Appeals, Second Circuit.

Dec. 23, 2002.

David M. Rody, Assistant U.S. Attorney, (Marcia S. Cohen, Cheryl A. Krause, Assistant United States Attorneys, on the brief, for James B. Comey, United States Attorney for the Southern District of New York), New York, NY, for Appellee.

B. Alan Seidler, Nyack, NY, for Defendant–Appellant William Cole.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. BARRINGTON D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Fo-

ley Square, in the City of New York, on the 23rd of December, two thousand and two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant–Appellant William Cole appeals from a judgment of conviction entered by the United States District Court for the Southern District of New York (Patterson, J.) following his plea of guilty to a two-count information that charged him with using a communication facility to commit a narcotics offense, in violation of 21 U.S.C. § 843(b), and using and carrying a firearm during and in relation to a narcotics offense, and possessing a firearm in furtherance of that offense, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. The sole question on appeal is whether the district court adduced a sufficient factual basis for the firearms plea, pursuant to Rule 11(f) of the Federal Rules of Criminal Procedure.

"Rule 11(f) requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir.1997). "Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" *Id.* (*quoting McCarthy v. United States*, 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)). To obtain a conviction under 18 U.S.C. § 924(c), it is sufficient for the government to establish that the defendant knowingly (a) possessed a firearm (b) in furtherance of a drug crime. *See United*

States v. Finley, 245 F.3d 199, 203 (2d Cir.2001). The "in furtherance" condition "may be satisfied by a showing of some nexus between the firearm and the drug selling operation." *Id.* Having reviewed the defendant's testimony at sentencing, we have no doubt that it reveals both knowing possession and the requisite nexus. The defendant's conduct falls within the charge to which he pled guilty.

We have considered all of the appellant's arguments and have found them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.