Tracy **HARRIS**, Petitioner,

v.

**UNITED STATES OF AMERICA,**
Respondent.

No. 00 CR.105(RPP).
No. 03 Civ.9066(RPP).

United States District Court,
S.D. New York.

Aug. 5, 2005.

Tracy Harris, Reg. No. 48774–054, F.C.I. Ray Brook, Ray Brook, NY, for Petitioner, pro se.

David N. Kelley, United States Attorney, Southern District of New York, New York, NY, Attn: David M. Rody, A.U.S.A., for Respondent.

## OPINION AND ORDER

ROBERT P. PATTERSON, JR, District Judge.

The petitioner, Tracy Harris ("Harris"), presently in custody and subject to a sen-

tence imposed by this Court, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The petition is denied for the reasons set forth below.

## BACKGROUND

On April 8, 2000, a grand jury returned Indictment 00 Cr. 105, which charged Harris and 13 co-defendants with conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine and 50 grams and more of "crack," in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846. On September 22, 2000, the Government filed a two-count Superseding Information against Harris. The Information charged Harris in Count One with distributing and possessing with intent to distribute mixtures and substances containing cocaine base, in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C); and in Count Two with using a communication facility (a telephone) in committing the felony of conspiring to distribute and possess with intent to distribute cocaine base, in violation of Title 21, United States Code, Section 843(b).

On September 22, 2000—the same day the Government filed the Superseding Information—Harris waived indictment and pled guilty to both counts in the Superseding Information pursuant to a plea agreement. In the plea agreement, Harris stipulated that his offense involved more than

1.5 kilograms of crack, which resulted in a base offense level of 38, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1. (Plea Agreement ("Plea Agmt."), dated Sept. 22, 2000, at 3, attached as Ex. B to Government Memorandum of Law ("Gov.Mem."), dated Mar. 14, 2005.) Harris stipulated to a two-level enhancement for possession of firearms in connection with the offense, a four-level enhancement for organizing and leading a criminal activity that involved five or more participants, and a two-level adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). (*Id.*) Thus, Harris's adjusted offense level was 42. (*Id.*) [1]

Harris and the Government agreed that under the Sentencing Guidelines Harris had a Criminal History Category of III, and that his Stipulated Guidelines range was therefore 360 months to life imprisonment. (*Id.* at 4.) The parties further agreed that because the statutory maximum penalties for the violations of 21 U.S.C. § 843(b) and 21 U.S.C. § 841(b)(1)(C) were 48 months and 240 months, respectively, Harris's total statutory maximum sentence was 288 months. (*Id.*) Thus, pursuant to U.S.S.G. § 5G1.1(a),[2] the plea agreement provided for a sentence of 288 months. (*Id.*)

In the plea agreement, Harris also agreed that "neither a downward nor an upward departure from the Stipulated Guidelines Sentence (288 months)" was

---

**1.** At sentencing, the Court used a three-level reduction to calculate the Guidelines range, yielding a total offense level of 41. (Transcript of Feb. 8, 2001 Sentencing Hearing ("Sentencing Tr."), at 11, attached as Ex. D to Gov. Mem.) This three-level reduction was based on the presentence investigation report ("PSR") which provided for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b)(2) for timely notifying authorities of his intention to enter a plea of guilty. (PSR ¶¶ 164, 165, 167; Gov. Mem. at 11.) The disparity is insignificant here, however,

as an offense level of both 41 and 42, when combined with a Criminal History Category of III, result in a Guidelines range of 360 months to life imprisonment.

**2.** U.S.S.G. § 5G1.1(a) provides that: "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."

warranted, and that he would not "seek such a departure or seek any adjustment not set forth" in the plea agreement. (*Id.* at 4.) Harris further agreed that he would "neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence at or below the Stipulated Guidelines Sentence set forth above (288 months)." (*Id.* at 5.)

In consideration for Harris's plea, the Government promised to refrain from further prosecuting Harris for (1) his actions charged in both counts of the Superseding Information; (2) Count One of the original Indictment, 00 Cr. 105, and any relevant drug trafficking conduct in 1998 in connection with the conspiracy charged therein; (3) conspiring to distribute and possess with intent to distribute hydromorphone (Dilaudid) as charged in Indictment 00 Cr. 106(SHS); and (4) possessing firearms in connection with the offenses charged in the original Indictment 00 Cr. 105. (*Id.* at 2.) The parties agreed that the drug trafficking conduct set forth in (2) and (3) constituted relevant conduct under the Sentencing Guidelines, and that possession of firearms constituted a specific offense characteristic under the Sentencing Guidelines, all of which would be considered by the Court at the time of sentencing. (*Id.*)

On February 8, 2001, in accordance with the plea agreement, this Court sentenced Harris to 288 months in prison. Shortly thereafter, and despite the terms of his plea agreement, Harris filed a notice of appeal. The Government moved for summary affirmance, arguing that Harris did not have any non-frivolous claims on appeal. On December 23, 2002, the Second Circuit granted the Government's motion and summarily affirmed Harris's conviction and sentence. *See United States v. Daniels,* 53 Fed.Appx. 591 (2d Cir.2002). Harris did not seek a writ of certiorari from the Supreme Court.

On November 17, 2003, Harris, proceeding *pro se,* petitioned this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Harris asserts four separate grounds for relief. First, Harris contends that he was deprived of the effective assistance of counsel because his counsel "failed to reserve petitioner rights at every stage of the proceedings thus compromising that guarantee proscribe[d] in/by 6th Amendment of the United States Constitution." (Harris's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Harris Pet."), dated Oct. 14, 2003, at 5.) Specifically, he asserts that his counsel was ineffective in failing to make an argument that would have allowed Harris to receive credit for acceptance of responsibility. (Harris's Brief in Support of a Petition Pursuant to 28 U.S.C. § 2255 ("Harris Supp. Br."), dated Mar. 1, 2005, at 3–6; Harris's Reply Letter ("Harris Letter"), dated Apr. 11, 2005, at 1–4.) Second, Harris contends that the Government and the Court breached the plea agreement, which stated that he was entitled to a two-level reduction for his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). (Harris Supp. Br. at 6–9.) Third, Harris maintains that the remedial opinion in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), renders his sentence unconstitutional and warrants resentencing. (Harris Pet. at 5; Harris Supp. Br. at 10–27; Harris Letter at 4–7.) Finally, Harris argues that the Superseding Information was deficient because it lacked a sworn affidavit. (Harris Pet. at 8–10.)

The Government filed a Memorandum of Law in opposition to Harris's petition on March 15, 2005, in which it contends that Harris's petition is without merit and should be denied without a hearing. On April 4, 2005, the Government responded by letter to Harris's Brief in Support of a

Petition Pursuant to 28 U.S.C. § 2255. The matter became fully submitted on April 18, 2005, when Harris submitted a reply letter.

## DISCUSSION

### I. Standard of Review

In reviewing the instant petition, this Court is mindful that Harris has proceeded *pro se* in submitting his petition and brief. For this reason, Harris's submissions will be "liberally construed in his favor," *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir.1995) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)), and read "to raise the strongest arguments that they suggest," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996) (citation omitted).

Section 2255 of Title 28 of the United States Code ("Section 2255") provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

### II. Harris's Waiver of his Right to Seek Relief Pursuant to Section 2255 was Valid and Enforceable

This Court sentenced Harris after he entered into a plea agreement in which he expressly waived his right to litigate, under Title 28, United States Code, Section 2255, any sentence at or below the Stipulated Sentence of 288 months. (Plea Agmt. at 5.)

A defendant's knowing and voluntary waiver of his right to collaterally attack his sentence is generally enforceable. *See, e.g., Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195–96 (2d Cir.2002), *cert. denied*, 537 U.S. 1146, 123 S.Ct. 946, 154 L.Ed.2d 847 (2003); *Garcia–Santos v. United States*, 273 F.3d 506, 508–09 (2d Cir.2001) (per curiam). As the Second Circuit has stated, permitting a defendant who secured the benefits of a valid and enforceable plea agreement "to escape the fairly bargained-for consequence of [his] agreement with the government would render the plea bargaining process and the resulting agreement meaningless." *United States v. Monzon*, 359 F.3d 110, 117 (2d Cir.2004) (internal quotation marks and citation omitted).

However, "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured." *See Frederick*, 308 F.3d at 195; *see also United States v. Hernandez*, 242 F.3d 110, 113–14 (2d Cir.2001). Merely asserting ineffective assistance of counsel, however, does not automatically render a plea agreement unenforceable. *See Monzon*, 359 F.3d at 118. Where the record reveals that the waiver was knowing and voluntary, and that there is no merit to the ineffective assistance claim, the waiver should be enforced. *Id.* at 119.

This Court accepted Harris's guilty plea at a hearing on September 22, 2000. Prior to accepting the plea, the Court placed Harris under oath and ascertained that he was competent to enter a plea. (Transcript of Sept. 22, 2000 Plea Hearing ("Plea Tr.") at 2, 17, 19, attached as Ex. C to Gov. Mem.) The Court then determined that Harris had sufficient time to discuss the charges with his attorney, and that he was satisfied with the legal advice and

representation he had been provided in the case. (*Id.* at 6–7.) In response to the Court's questioning, Harris confirmed that he had read and discussed the plea agreement with his attorney, and that his attorney had answered any questions he had about the agreement. (*Id.* at 7.) Harris also acknowledged that he fully understood the plea agreement, and that he entered into it voluntarily. (*Id.* at 7–8.) Additionally, Harris confirmed his understanding that he would not litigate a sentence of 288 months. (*Id.* at 11.)

Harris showed by his statements at the plea hearing that he knowingly and voluntarily waived his right to attack collaterally his sentence under Section 2255. Although Harris has raised an ineffective assistance of counsel claim in the instant petition, he does not argue and nothing in the record suggests that he received ineffective assistance of counsel in connection with the plea negotiations or plea proceedings. Accordingly, the provision of Harris's plea agreement waiving his right to litigate a sentence of 288 months under Section 2255 prevails and the Court dismisses the instant petition.

## III. Harris's Claims are Procedurally Barred or Without Merit

Even if Harris's petition did not explicitly violate the terms of his plea agreement, each of the arguments he makes in his Section 2255 petition and reply papers would nonetheless fail. These arguments are analyzed below.

### A. Ineffective Assistance of Counsel

Harris argues first that he was deprived of his constitutional right to effective assis-

tance of counsel because his counsel failed to argue at sentencing that the Court should depart downward for acceptance of responsibility from the Stipulated Sentence of 288 months and that an evidentiary hearing is required to determine whether his counsel was aware that the Court could depart under U.S.S.G. § 5G1.1(a)[3] and, if counsel was aware, why he did not so argue. (Harris Supp. Br. at 3–6; Harris Letter at 1–4.)

In general, the benchmark for judging an ineffective assistance of counsel claim is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To obtain reversal of a conviction due to ineffective assistance of counsel, a petitioner must demonstrate (1) that his counsel's performance was deficient; and (2) that the deficient performance prejudiced the petitioner. *See id.* at 687, 104 S.Ct. 2052. To satisfy the first prong of the *Strickland* test, a petitioner must show that his attorney's performance "fell below an objective standard of reasonableness" under "prevailing professional norms." *Id.* at 688, 104 S.Ct. 2052. Under the second prong, the petitioner must "show[ ] that counsel's errors were so serious as to deprive the defendant of a fair trial," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694, 104 S.Ct. 2052.

Harris maintains that, in light of *United States v. Rodriguez,* 64 F.3d 638 (11th

---

**3.** The commentary to § 5G1.1(a) contemplates that a departure may be granted when § 5G1.1(a) establishes the sentence: "[I]f the applicable guideline range is 51–63 months and the maximum sentence authorized by statute for the offense of conviction is 48

months, the sentence required by the guidelines under subsection (a) is 48 months; a sentence of less than 48 months would be a guideline departure." U.S.S.G. § 5G1.1, comment.

Cir.1995), and cases cited therein, counsel was ineffective because he did not argue that Harris should receive a two-level reduction in offense level for acceptance of responsibility, taken from the Stipulated Sentence of 288 months. (Harris Supp. Br. at 6.[4]) In *Rodriguez*, the Eleventh Circuit held "that a district court has the discretion to reward a defendant's acceptance of responsibility by departing downward when [U.S.S.G.] § 5G1.1(a) renders [U.S.S.G.] § 3E1.1 ineffectual in reducing the defendant's actual sentence." *Rodriguez*, 64 F.3d at 643. Thus, *Rodriguez* explains that a district court's decision to depart downwardly where a defendant's acceptance of responsibility is negated because his statutory maximum sentence is lower than his adjusted Guidelines range is discretionary not mandatory. *See id.* at 643.

■ Harris's claim that his counsel was ineffective in failing to argue for a downward departure for acceptance of responsibility from the Stipulated Sentence of 288 months does not satisfy the *Strickland* standard. If counsel had argued under *Rodriguez* for a reduction in Harris's sentence, counsel, who co-signed the plea agreement with Harris, clearly would have been in breach of the plea agreement's provision for a Stipulated Sentence of 288 months. Such a breach of the plea agreement would have permitted the Government to opt to prosecute Harris under Count One of the original Indictment—

distributing 50 grams and more of "crack" cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846—which has a maximum sentence of life imprisonment and a Guidelines range of 360 months to life, far exceeding the 240–month maximum sentence for violating 21 U.S.C. § 841(b)(1)(C) and the additional 48–month maximum sentence for violating 21 U.S.C. § 843(b), as charged in the Superseding Information.[5] In addition, at the trial the Government would have had the right to use Harris's admissions of guilt during his plea allocution on September 22, 2000. Harris's counsel's failure to take such a disastrous course obviously does not fall below "an objective standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052. Nor could Harris be prejudiced by counsel's failure to do so. Accordingly, no evidentiary hearing is necessary and Harris's ineffective assistance of counsel claim is denied.

**B. Breach of plea agreement**

■ Harris next argues that the Government breached the plea agreement in failing to provide for a reduction from his Stipulated Sentence of 288 months for acceptance of responsibility. (Harris Supp. Br. at 6–9.) Harris's contention is without merit, however, because the two-level reduction for acceptance of responsibility as set forth in the plea agreement was used solely for the purpose of calculating the

---

**4.** Harris also relies on *United States v. Fernandez*, 877 F.2d 1138 (2d Cir.1989), which he incorrectly claims is cited by *Rodriguez* for this proposition. (Harris Supp. Br. at 3, 4, 6.) In fact, the Second Circuit held in *Fernandez* that a district court may sentence a defendant based upon the amount of drugs seized from him where he pleads guilty to a smaller amount. *Fernandez*, 877 F.2d at 1141–42.

**5.** In addition, a breached plea agreement would have exposed Harris to prosecution for

conspiring to distribute and possess with intent to distribute hydromorphone (Dilaudid) as charged in Indictment 00 Cr. 106(SHS), and possibly to possessing firearms at 889–891 Cauldwell Avenue in the Bronx, New York, in connection with the drug crime charged in the original Indictment in this case, 00 Cr. 105(RPP), in violation of 18 U.S.C. § 924(c), which requires a consecutive sentence.

Sentencing Guidelines range for the crimes in the Superseding Information, pursuant to U.S.S.G. § 1B1.4. (Plea Agmt. at 3.) The reduction for acceptance of responsibility in the plea agreement did not apply to the Stipulated Sentence of 288 months, which, pursuant to U.S.S.G. § 5G1.1(a), trumped the calculation of the Sentencing Guidelines range for the crimes charged in the Superseding Information.

Harris's plea agreement clearly states that the Defendant's Stipulated Sentence is 288 months. (Plea Agmt. at 4.) Moreover, as indicated previously, the parties expressly agreed that "neither a downward nor an upward departure from the Stipulated Guidelines Sentence (288 months) is warranted." (*Id.*) In fact, to deviate from this 288–month sentence would have been a breach of the plea agreement. Thus, the contention that the Government breached the agreement in failing to conform with its explicit terms is entirely without merit.[6]

### C. *United States v. Booker*

Harris next claims that his sentence should be reconsidered in light of the Supreme Court's decision in *United States v. Booker*, ―― U.S. ――, 125 S.Ct. 738, 160

L.Ed.2d 621 (2005).[7] (Harris Supp. Br. at 10, 12–15, 26; Harris Letter at 4–7.) Harris maintains that his sentence was unconstitutionally enhanced based on the drug quantity involved, his leadership role, and his possession of firearms in connection with the offense, facts which he asserts were neither proven to a jury nor admitted by him. (Harris Supp. Br. at 10, 12–15, 26.)

■ In *Guzman v. United States*, 404 F.3d 139 (2d Cir.2005), the Second Circuit directly held that *Booker* does not apply retroactively to cases on collateral review where the petitioner's conviction was final as of January 12, 2005, the date *Booker* was decided. *Id.* at 144. Because Harris did not seek a writ of certiorari, his conviction became final on March 24, 2003, 90 days after the Second Circuit summarily affirmed his sentence. Therefore, Harris's contention that *Booker* should be applied retroactively to his sentence is without merit.

### D. Deficiency of Charging Statement

■ Finally, Harris alleges in his petition that the Information to which he pled guilty was deficient because it lacked an affidavit. (Harris Pet. at 8–10.) This

---

6. Harris's argument that the Court breached the plea agreement by failing to reduce his Stipulated Sentence of 288 months for acceptance of responsibility is also entirely without merit. (Harris Supp. Br. at 6.) A plea agreement is a contractual agreement between the Government and the defendant to which the Court is not a party. The Court cannot breach an agreement to which it is not a party.

In support of this claim, Harris relies on *United States v. Mandell*, 905 F.2d 970 (6th Cir.1990), in which the district court sentenced the defendant based on an offense level of 27 where the plea agreement provided that the defendant could withdraw his guilty plea if the court departed from an offense level of 20. *Id.* at 971–72. The Sixth Circuit

remanded to allow the defendant to withdraw his guilty plea in accordance with the plea agreement. *Id.* at 974–75. Here, however, the Court sentenced Harris to the agreed upon 288 months as set forth in the plea agreement.

7. "*Booker* [i] held that the Guidelines violated the Sixth Amendment to the extent that they allowed the maximum sentence authorized by a guilty plea or verdict to be increased based on findings of fact (other than the fact of a prior conviction) made by the judge, 125 S.Ct. at 755–56; [ii] held that the remedy was to make the Guidelines advisory, *id.* at 756–57; and [iii] expressly made these holdings applicable to all cases pending on direct review, *id.* at 769." *Guzman v. United States*, 404 F.3d 139, 141 (2d Cir.2005).

claim is procedurally barred as it was not raised on appeal, and Harris has failed to set forth any supporting facts in his petition which might show the requisite cause and prejudice. Even if the claim was not barred, there is no requirement that an affidavit must accompany an Information. Therefore, this claim must fail.

## CONCLUSION

For the reasons stated above, Harris's § 2255 petition is denied. Because Harris has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 111–13 (2d Cir.2000); *Soto v. United States,* 185 F.3d 48, 51–53 (2d Cir.1999), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

IT IS SO ORDERED.