**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Samuel A. RODRIGUEZ, Defendant–Appellant.**

No. 93–5176.

United States Court of Appeals, Eleventh Circuit.

Sept. 21, 1995.

Eric M. Cohen, Miami, FL, for appellant.

Kendall B. Coffey, U.S. Atty., Carol Herman, Lisa T. Rubio, Linda Collins Hertz, Asst. U.S. Attys., Miami, FL, for appellee.

Before COX, Circuit Judge, HILL and REYNALDO G. GARZA*, Senior Circuit Judges.

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

PER CURIAM:

In this case we must decide whether, under the federal sentencing guidelines, a district court may grant a downward departure based on the defendant's acceptance of responsibility when U.S.S.G. § 5G1.1(a)[1] prevents the acceptance of responsibility adjustment from reducing the defendant's actual sentence.

## Facts and Procedural History

Appellant Samuel Rodriguez served as the transportation broker in a cocaine and marijuana importation operation. Through the work of undercover FBI agents, Rodriguez was apprehended and charged with two counts of using a communication facility in the commission of a drug felony in violation of 21 U.S.C. § 843(b) (1988). Rodriguez pleaded guilty to both counts under a written plea agreement with the government.

Following Rodriguez's guilty plea, the Probation Office prepared a Presentence Investigation Report ("PSI") on Rodriguez. The PSI calculated Rodriguez's sentence under the federal sentencing guidelines. The guidelines provide that the base offense level for a violation of 21 U.S.C. § 843(b) is the offense level applicable to the underlying offense. U.S.S.G. § 2D1.6(a). In this case, the underlying offense was a conspiracy or attempt to import at least 100 kilograms of cocaine and 1,200 kilograms of marijuana, in violation of 21 U.S.C. § 963 (1988). The applicable offense level for conspiring or attempting to import such a volume of drugs is 36.

The PSI found that Rodriguez had timely accepted responsibility for his criminal conduct and, therefore, applied a three-level adjustment under U.S.S.G. § 3E1.1(b), resulting in an offense level of 33. Combined with Rodriguez's criminal history category of I, an offense level of 33 translated into a guideline imprisonment range of 135 to 168 months.

But the statutory maximum sentence for each violation of 21 U.S.C. § 843(b) is four years (48 months), and U.S.S.G. § 5G1.1(a) provides that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." Thus, the guideline sentence on each count became four years imprisonment, the statutory maximum. Because the sentence on the count carrying the highest statutory maximum (48 months) was less than the total punishment prescribed by the guidelines (135 to 168 months), the PSI concluded that Rodriguez's sentences on the two counts should run consecutively, see U.S.S.G. § 5G1.2(d), for a total of 96 months or eight years imprisonment.

At the sentencing hearing, Rodriguez objected to the sentence calculated in the PSI. (R. 2 at 3–4.) He argued that the operation of § 5G1.1(a) deprived him of his § 3E1.1 adjustment for acceptance of responsibility because his sentence would have been eight years regardless of whether he had accepted responsibility for his conduct.[2] If Rodriguez had not accepted responsibility, his offense level would have been 36 (188 to 235 months imprisonment) rather than 33 (135 to 168 months). But because both ranges are above the eight year (96 month) statutory maximum, his acceptance of responsibility would not affect his actual sentence; under § 5G1.1(a), it would be eight years.

Rodriguez argued that, to ensure that his acceptance of responsibility was reflected in his actual sentence, the district court should apply the three-level adjustment from a baseline of the statutory maximum rather than from the base offense level as dictated by the guidelines. Applying the adjustment in this way, Rodriguez argued, is "obviously discretionary with the Court." (R. 2 at 5.) According to Rodriguez, the guidelines did

---

1. United States Sentencing Commission, *Guidelines Manual*, § 5G1.1(a) (Nov.1992), provides that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."

2. Rodriguez also argued, in a written objection to the PSI and at the sentencing hearing, that he was entitled to a downward departure under U.S.S.G. § 5H1.4 due to his rheumatoid arthritis. The district court found that Rodriguez did not qualify for a § 5H1.4 departure. Rodriguez does not appeal that ruling.

not consider a situation such as his. (R. 2 at 6.)

The district court agreed that § 5G1.1(a) made the acceptance of responsibility adjustment meaningless in this case. (R. 2 at 9). The court analogized applying the adjustment to the base offense level when that level exceeds the statutory maximum to "giving away snow in the winter time." (R. 2 at 5.) Nevertheless, the court concluded that it had no authority to grant what was in effect a departure based on Rodriguez's acceptance of responsibility. (R. 2 at 10.)[3] The court therefore sentenced Rodriguez to the eight year sentence prescribed by the guidelines. Rodriguez timely appealed his sentence.

Rodriguez argues on appeal that the district court erred in not deducting three levels from the statutory maximum sentence in recognition of his acceptance of responsibility. In the unique circumstances of this case, Rodriguez argues, he was denied the benefit of accepting responsibility for his conduct by an anomaly in the sentencing guidelines. He contends that the guidelines do not adequately consider a situation such as his; therefore, the district court had the authority to depart from the guidelines.

The government argues that the district court properly applied the guidelines in sentencing Rodriguez. According to the government, the § 3E1.1 acceptance of responsibility adjustment applies only when calculating the adjusted offense level and becomes irrelevant when the applicable guideline range exceeds the statutory maximum. The government further contends that the district court correctly determined that it lacked the discretion to engraft an acceptance of responsibility adjustment onto the statutory sentence mandated by § 5G1.1(a).

### Issues on Appeal

■ First we clarify the precise issues in this case. At issue is *not* whether § 3E1.1 required the district court to apply a three-

level acceptance of responsibility adjustment from the statutory maximum sentence. The sentencing guidelines clearly provide that adjustments, such as that for acceptance of responsibility, are applied to the base offense level. *See* U.S.S.G. § 1B1.1. The government is correct that adjustments no longer are relevant once § 5G1.1(a) applies to render the statutory maximum sentence the guideline sentence. *See* U.S.S.G. § 1B1.1(h). Thus, any argument that the district court misapplied the guidelines by applying the § 3E1.1 adjustment to the base offense level rather than to the statutory maximum sentence is meritless.

Rodriguez's Brief, read liberally, also raises a somewhat different argument, one that merits careful consideration. Rodriguez argues that the district court erroneously believed that, in the unique circumstances of this case, it did not have the *discretion* to grant a *departure* based on his acceptance of responsibility. The record clearly shows that the district court believed that it did not have the discretion to grant such a departure. We must decide, therefore, whether a district court has the discretion to depart from the guideline sentence prescribed by § 5G1.1(a). Because we hold that a district court may depart downward from a sentence under § 5G1.1(a) under proper circumstances, we must then decide whether a defendant's acceptance of responsibility may be a proper ground for such a departure.

### Discussion

1. *Standard of Review*

■ We review *de novo* a district court's ruling that it lacked authority to grant a downward departure. *United States v. Williams,* 948 F.2d 706, 708 (11th Cir.1991).

2. *Discretion to Grant a Departure From the Sentence Prescribed by U.S.S.G. § 5G1.1(a)*

■ Whether a district court has the discretion to grant a departure from the sen-

---

3. More than once the court expressed regret that it did not have the discretion to grant a departure based on acceptance of responsibility. "I am somewhat not only bemused but distressed that this Court does not have the power to exercise discretion with regard to what I term to be an anomaly, i.e., the acceptance of responsibility." (R. 2 at 35.) "I am unsure and feel some regret that I don't have a little discretion to visit the matter of acceptance of responsibility." (R. 2 at 36.)

tence prescribed by § 5G1.1(a) is a question of first impression in this circuit. Three other courts of appeal have addressed this question, each concluding that a district court may depart downward from a § 5G1.1(a) sentence in appropriate circumstances. *United States v. Cook,* 938 F.2d 149 (9th Cir.1991); *United States v. Sayers,* 919 F.2d 1321 (8th Cir.1990); *United States v. Martin,* 893 F.2d 73 (5th Cir.1990). We reach the same conclusion.

A district court generally must impose a sentence within the range prescribed by the sentencing guidelines. *See* 18 U.S.C. § 3553(b) (1988). But a court has the statutory authority to impose a sentence outside of the guidelines range when "the court finds that there exists an aggravating or mitigating circumstance ... not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *Id.;* U.S.S.G. § 5K2.0, p.s. The imposition of a sentence outside the guidelines range is considered a "departure." *See* U.S.S.G. § 5K2.0, p.s.

The structure of the guidelines and the accompanying commentary make clear that a court may depart from the guideline range established by § 5G1.1(a) just as a court may depart from the guideline range established by other sections of the guidelines. According to the guideline application instructions, a court decides whether to grant a departure only after determining the appropriate guideline range and the available sentencing options. *See* U.S.S.G. 1B1.1. Section 5G1.1(a) is one of several provisions determining the available sentencing options. Nothing in the guidelines suggests that a court may grant a departure from a guideline sentence *except* when it is calculated by applying § 5G1.1(a). To the contrary, the commentary to § 5G1.1(a) obviously contemplates that a departure may be granted when § 5G1.1(a) establishes the guideline sentence:

> For example, if the applicable guideline range is 51–63 months and the maximum sentence authorized by statute for the offense of conviction is 48 months, the sentence required by the guidelines under subsection (a) is 48 months; a sentence of

less than 48 months would be a guideline departure.

U.S.S.G. § 5G1.1, comment. *See also Sayers,* 919 F.2d at 1324 (finding that commentary suggests that courts are free to depart from sentence prescribed by § 5G1.1(a) in appropriate case).

■ We hold that a district court has the same discretion to depart downward when § 5G1.1(a) renders the statutory maximum the guideline sentence as it has when the guideline sentence is calculated without reference to § 5G1.1(a). Section 5G1.1(a) is simply the guidelines' recognition that a court lacks authority to impose a sentence exceeding the statutory maximum. Section 5G1.1(a) was not intended to transform the statutory maximum into a minimum sentence from which a court may not depart in appropriate circumstances.

3. *Acceptance of Responsibility As a Ground for Departure When § 5G1.1(a) Nullifies The § 3E1.1 Adjustment*

■ Having decided that a district court may depart downward from the sentence prescribed by § 5G1.1(a) in appropriate circumstances, we must decide whether the particular circumstances in this case may be grounds for a downward departure. Rodriguez argues that the district court had the discretion to depart because, in the unique circumstances of this case, § 5G1.1(a) negated the sentence reduction he should have received for accepting responsibility for his conduct. The government contends that Rodriguez's acceptance of responsibility already was considered by § 3E1.1 in calculating Rodriguez's offense level.

A departure may be granted only for a "circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a [different] sentence." 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0. p.s. *See also United States v. Godfrey,* 22 F.3d 1048, 1053 (11th Cir.1994). In determining whether the circumstances of this case were adequately considered in formulating the guidelines, we may "consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." 18 U.S.C. § 3553(b); *Williams,* 948 F.2d at 708. If we determine that the particular circumstances of this case

were not adequately considered, we must decide whether a departure based on such circumstances is consistent with the goals of the guidelines. *Godfrey,* 22 F.3d at 1053.

■ A defendant's acceptance of responsibility is a circumstance that the guidelines clearly and explicitly consider. The § 3E1.1 adjustment entitles a defendant who demonstrates acceptance of responsibility to a two- or three-level reduction in his offense level. Thus, acceptance of responsibility generally is not grounds for a departure. *See Williams,* 948 F.2d at 710.

Nevertheless, Rodriguez argues that the guidelines fail to consider his acceptance of responsibility *in the circumstances of this case* because the § 3E1.1 adjustment did not reduce his actual sentence. Had Rodriguez not accepted responsibility, his sentence would have been the same. Thus, we must determine whether, in drafting the guidelines, the Sentencing Commission adequately considered the interaction of § 5G1.1(a) and § 3E1.1 in cases such as this. Counsel have not cited any federal decision answering this question, nor has our research revealed any.

We find no evidence in the sentencing guidelines, policy statements, or commentary of the Commission that it considered, or recognized the implications of, the interaction of § 5G1.1(a) and § 3E1.1 in cases such as this. Indeed, that § 3E1.1 requires a reduction in offense level for acceptance of responsibility suggests that the Commission contemplated that a defendant always would receive some benefit at sentencing for accepting responsibility for his conduct. As the commentary to § 3E1.1 explains, "[t]he reduction of offense level ... recognizes legitimate societal interests. For several reasons, a defendant who clearly demonstrates acceptance of responsibility for his offense ... is appropriately given a lower offense level than a defendant who has not demonstrated acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (backg'd). We think that the Commission failed to consider that § 5G1.1(a) might operate to negate the § 3E1.1 adjustment and undermine the "legitimate societal interests" served by the adjustment.

A departure from the sentence prescribed by § 5G1.1(a) when the defendant's acceptance of responsibility has not been duly recognized is consistent with the goals of the guidelines. As discussed above, the guidelines contemplate that a defendant's acceptance of responsibility will be recognized at sentencing. Moreover, one of the "legitimate societal interests" served by rewarding a defendant's acceptance of responsibility is providing an incentive to engage in plea bargaining. Plea bargaining is "an essential component of the administration of justice" that should be encouraged because it keeps the justice system from becoming overburdened with full-scale trials. *Santobello v. New York,* 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). The sentencing guidelines reflect the importance of plea bargaining, as well as guilty pleas generally, by rewarding one who pleads guilty at sentencing. *See* U.S.S.G. § 6B1.2, comment. (defendant who timely enters guilty plea enhances likelihood of receiving downward adjustment under § 3E1.1); § 3E1.1, comment. (n. 3) (guilty plea is significant evidence of acceptance of responsibility).

A defendant evaluating whether to plead guilty or go to trial rationally considers how his decision will affect his sentence. If a defendant knows that, under § 5G1.1(a), he will receive the same sentence regardless of whether he accepts responsibility, he will be more likely to shun plea bargaining and go to trial. A chance of acquittal is always present; there is less incentive to forego this chance if a guilty plea will not be rewarded with sentencing leniency. Allowing a departure based on acceptance of responsibility in such circumstances preserves the possibility of some sentencing leniency and thus serves society's legitimate interest in guilty pleas and plea bargaining.

■ We hold, therefore, that a district court has the discretion to reward a defendant's acceptance of responsibility by departing downward when § 5G1.1(a) renders § 3E1.1 ineffectual in reducing the defendant's actual sentence. Because the district court incorrectly concluded that it lacked the discretion to depart from the guideline sentence, we remand for resentencing. We do not intimate that a departure should be granted in this case. Nor do we express any view as to whether the magnitude of Rodriguez's requested departure is reasonable.

*Conclusion*

For the reasons stated above, we VACATE the sentence and REMAND for resentencing.

VACATED and REMANDED FOR RESENTENCING.