89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan HERRERA-RINCON, aka Salvador Herrera-Rincon,
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan HERRERA-RINCON, aka Salvador Herrera-Rincon, Defendant-Appellant.
 Nos. 95-10371, 95-10372.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated action, Juan Herrera-Rincon appeals his sentences under the Sentencing Guidelines imposed following his guilty plea conviction for being a deported alien in the United States (8 U.S.C. § 1326) and for violating the terms of his supervised release for a prior conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Although Herrera-Rincon waived his right to appeal, the waiver is unenforceable in light of the district court's oral pronouncement suggesting Herrera-Rincon could appeal his sentence. We will therefore consider Herrera-Rincon's contention. See United States v. Buchanan, 59 F.3d 914, 917-18 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995).
 
 
 4
 Herrera-Rincon contends that this court should remand for resentencing in order to permit the district court to consider a downward departure based on his acceptance of responsibility. Herrera-Rincon waived his claim for a downward departure by not raising it below, see United States v. Quesada, 972 F.2d 281, 283-84 (9th Cir.1992), cert. denied, 507 U.S. 944 (1993), and could not prevail on the claim even if he had raised it below (see United States v. Miller, 991 F.2d 552, 553-554 (9th Cir.1993) (court may depart only if the acceptance of responsibility was beyond that contemplated by section 3E1.1).[1] Accordingly, we reject Herrera-Rincon's argument that a remand is required.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Herrera-Rincon does not allege that his acceptance of responsibility was in any way extraordinary. Instead he cites a case from the Eleventh Circuit holding that where the statutory maximum is below the guidelines range and renders the § 3E1.1 adjustment ineffectual in reducing defendant's actual sentence, a downward departure is "consistent with the goals of the guidelines." See United States v. Rodriguez, 64 F.3d 638, 643 (11th Cir.1995). There is no comparable authority in this Circuit. See generally United States v. Cook, 938 F.2d 149, 152-153 (9th Cir.1991) (court retains discretion to depart from a 5G1.1(a) sentence only in atypical cases not adequately considered by the Sentencing Commission)