**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ANGEL FUENTES, a/k/a Luis A.
Cortes, a/k/a Shorty,
            *Defendant-Appellant.*

No. 02-4218

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-99-12)

Submitted: September 27, 2002

Decided: November 6, 2002

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Carl J. Roncaglione, Jr., Charleston, West Virginia, for Appellant.
Kasey Warner, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Angel Fuentes was originally sentenced in 1999 as a career offender to a term of 292 months imprisonment for his participation in a conspiracy to distribute cocaine, crack, and marijuana. No specific drug quantities were charged in the indictment. While Fuentes' appeal was pending, the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that any fact, other than a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt"). We affirmed Fuentes' sentence in part, but remanded for resentencing in accordance with *Apprendi*. *See United States v. Fuentes*, No. 99-4756 (4th Cir. Jan. 18, 2002) (unpublished).

Before Fuentes was resentenced, the government filed a Rule 35(b) motion for reduction of sentence based on his post-sentencing substantial assistance. Fuentes had received a three-level adjustment for acceptance of responsibility at his initial sentencing. At the resentencing hearing, Fuentes' attorney asked the district court to make a downward departure from offense level 32 to offense level 29 before it considered the Rule 35(b) motion so as to give Fuentes a noticeable benefit for his acceptance of responsibility. Fuentes' offense level was actually 35, but he urged the court to start at level 32 because, with criminal history category VI, it would yield a range of 210-262 months, roughly corresponding to the 240-month statutory maximum. The district court declined to make such a departure. The court did, however, depart pursuant to the Rule 35(b) motion, from offense level 35 to offense level 29, and imposed a sentence of 151 months imprisonment.

When the sentencing court departs downward, the appeals court lacks jurisdiction to review the court's decision to depart further on different grounds. *United States v. Patterson*, 38 F.3d 139, 146 (4th Cir. 1994). Moreover, a defendant may not appeal the extent of a downward departure unless the departure decision resulted in a violation of law or resulted from an incorrect application of the guidelines. *United States v. Hill*, 70 F.3d 321, 324-25 (4th Cir. 1995). Fuentes

argues that the district court misinterpreted and misapplied the guidelines in making its Rule 35(b) departure and that this court thus has jurisdiction to review his sentence.

Fuentes first argues that the court's method of departing deprived him of any benefit from his acceptance of responsibility, citing *United States v. Rodriguez*, 64 F.3d 638, 643 (11th Cir. 1995) (holding that district court may depart downward from statutory maximum for acceptance of responsibility when § 5G1.1(a) "renders § 3E1.1 ineffectual" in reducing the sentence). The reasoning in *Rodriguez* has not been adopted in this circuit. While the sentencing court may depart for any factor that is not a forbidden ground for departure under the guidelines, a factor that is designated as a basis for reduction under the guidelines is a discouraged factor for departure. *United States v. Hairston*, 96 F.3d 102, 107 (4th Cir. 1996). The court may depart based on a discouraged factor only if it is "present to such a degree that it cannot be characterized as typical or 'usual.'" *Id.* at 108. Such departures are intended to be rare. *Id.* at 107.

Here, the district court did not misinterpret or misapply the guidelines in refusing to depart for acceptance of responsibility. Fuentes had received the full benefit of his acceptance of responsibility when his offense level was originally reduced from 38 to 35. After *Apprendi*, his guideline range was effectively reduced under *U.S. Sentencing Guidelines Manual* § 5G1.1(a) (2001) from 292-365 months to 240 months. However, neither USSG § 3E1.1 nor USSG § 5G1.1(a) provide any mechanism for a further reduction below a statutory maximum sentence to reflect the defendant's acceptance of responsibility when his guideline range is higher than the statutory maximum. Arguably, under *Rodriguez*, the district court had discretion to depart on that basis, but its decision not to depart cannot be characterized as a misinterpretation or misapplication of the guidelines. *Cf. United States v. Houser*, 70 F.3d 87, 91 (11th Cir. 1995) (not error to apply role adjustment that brought defendants' offense levels to 46, three levels above highest offense level of 43, which rendered their three-level adjustments for acceptance of responsibility valueless); *United States v. Caceda*, 990 F.2d 707, 710 (2d Cir. 1993) (same).

*United States v. Head*, 178 F.3d 1205, 1208 (11th Cir. 1999), also cited by Fuentes, is inapposite, because it deals with a departure

below a mandatory minimum sentence where the high point of the guideline range is lower than the minimum sentence, a different issue from the one presented here. Both *Head* and *United States v. Pillow*, 191 F.3d 403, 407-08 (4th Cir. 1999), hold that the starting point for a substantial assistance departure is the mandatory minimum sentence rather than a lower guideline range. However, these decisions provide no guidance in this case.

Fuentes also asserts that the district court erred by beginning the departure at offense level 35, rather than 32, because the district court could not impose any sentence above 240 months and thus the portion of the departure which reduced his offense level from 35 (range 292-365 months) to 32 (range 210-262 months) was a nullity.

Guideline section 5K1.1, p.s., provides that, if the government moves for a departure based on the defendant's substantial assistance, "the court may depart from the guidelines." The guidelines do not instruct the court how to structure the departure. There is thus no reason why the district court may not, without transgressing the guidelines, structure its departure by reducing the defendant's offense level to a point which produces a guideline range below the statutory maximum and imposing sentence within the new guideline range.

Alternatively, Fuentes argues that the district court should have used offense level 32 as a starting point for the departure because that is the base offense level that applies to a career offender whose offense carries a statutory maximum sentence of 20-25 years, as his does.* However, he fails to note that USSG § 4B1.1 directs the sentencing court to apply the base offense level from the table in § 4B1.1 only if it is greater than the offense level otherwise applicable, which was not true in this case. Fuentes' base offense level was correctly calculated by considering the total quantity of drugs that were includable in his relevant conduct, and that calculation gave him a base offense level of 38. In this respect also, we are not persuaded that the district court erred in resentencing him as it did.

---

*Fuentes did not receive any enhancements or upward adjustments to his base offense level at his initial sentencing.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*