UNITED STATES of America,
Plaintiff—Appellee,

v.

Gustavo Alvarez CHAVEZ,
Defendant—Appellant.

No. 03–50190.

D.C. No. CR–99–01163–CAS–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2004.

Decided April 12, 2004.

Ronald L. Cheng, Christopher D. Johnson, Fred A. Rowley, Jr., USLA—Office of The U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

James M. Crawford, Orange, CA, for Defendant–Appellant.

Before KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM *

Appellant Alvarez Chavez argues that the district court erred in recalculating his sentence on remand from a prior unpublished decision of this court. *See United States v. Chavez,* No. 01–50274, 46 Fed. Appx. 502, 2002 WL 31079584 (9th Cir. 2002) (*Chavez I*). As the parties are familiar with the facts, we relate them only as necessary to explain our decision.

In *Chavez I,* we remanded because the sentencing court erroneously found that it lacked authority to grant discretionary departures from the maximum sentence prescribed by United States Sentencing Guidelines Manual (U.S.S.G.) § 5G1.1(a) and § 5G1.2(d). We cited *United States v. Rodriguez,* 64 F.3d 638, 642 (11th Cir. 1995), for the proposition that the district court may grant departures from statutory

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

maximum sentences. Chavez now argues that by citing *Rodriguez* we embraced the proposition that wherever an acceptance-of-responsibility offense-level adjustment would be made to an ordinary Guidelines sentence under § 3E1.1, an equivalent modification *must* be made to the statutory maximum sentence prescribed under §§ 5G1.1 and 5G1.2. Based on that assertion, Chavez maintains that the district court defied our mandate by refusing to grant a downward departure from the statutory maximum sentence equivalent to the three level acceptance-of-responsibility adjustment the court applied when calculating his initial Guidelines sentence. Chavez's argument misunderstands both *Rodriguez* and *Chavez I*.

Appellant confirmed at oral argument that his position, as stated in his resentencing memorandum to the district court and in his brief before us, is that he is "entitled" to a *mandatory* acceptance-of-responsibility modification to his statutory maximum, which he variously terms an "adjustment" or a "departure" of three "levels." That position is legally baseless. *See* U.S.S.G. § 1A1.1 (giving order of application of adjustments, interposition of mandatory maxima or minima, and departures). *Rodriguez*, 64 F.3d at 643, states only that "a district court has the *discretion* to reward a defendant's acceptance of responsibility by departing downward when § 5G1.1(a) renders § 3E1.1 ineffectual in reducing the defendant's actual sentence" (emphasis added). Even on the assumption that we adopted the entirety of the *Rodriguez* holding in *Chavez I*, Chavez's argument now would be invalid.

Appellant's conception of mandatory modifications to the offense level that survive the interposition of a statutory maximum sentence–calculated by reading from a criminal history category and a statutory maximum term of imprisonment backward to an offense level, and applying a mandatory "departure" to that level–has no basis in the Guidelines. Once a statutory maximum has come into play, *any* deviation from that sentence is necessarily a discretionary departure, not an "adjustment" to the statutory maximum sentence or a "mandatory departure." Neither of those concepts exists in the Guidelines.

**AFFIRMED.**