[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2006
THOMAS K. KAHN
CLERK

No. 05-12649
Non-Argument Calendar

_____

D. C. Docket No. 00-01067-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNOLDO HERNANDEZ,
a.k.a. Ernie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 18, 2006)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Arnoldo Hernandez appeals his conviction and sentence for conspiracy to

commit a crime against the United States and carjacking, in violation of 18 U.S.C. §§ 371, 2119. Hernandez argues that the government breached its plea agreement, and seeks a remand to allow resentencing before a different judge. Hernandez further argues that even though he did not object to the breach of the plea agreement at sentencing, the standard of review should be de novo because he raised the issue in a 28 U.S.C. § 2255 motion. The government argues that the proper standard of review is plain error.

The issue of whether the government breached a plea agreement is a question of law, to be reviewed de novo. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). However, where no objection is raised in the district court, we review for plain error. Id. "When a defendant loses the opportunity to appeal due to constitutionally defective counsel, the point of the § 2255 remedy is to put [the defendant] back in the position he would have been in had his lawyer filed a timely notice of appeal." McIver v. United States, 307 F.3d 1327, 1331 (11th Cir. 2002) (alteration in original) (citation and quotation marks omitted). When district courts find that a § 2255 movant is entitled to file an out-of-time appeal of his criminal judgment, we have directed district courts to vacate the criminal judgment and reimpose the same sentence. United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

2

Although Hernandez raised this issue before the district court in his § 2255 motion, when ruling upon that motion, the district court did not have the opportunity to consider Hernandez's sentence in light of his argument that the government breached the plea agreement. Furthermore, allowing a defendant to obtain preserved error review by initially raising his objection in a collateral proceeding would give him an advantage he would not be entitled to had he made a timely appeal, thereby contravening the goal of returning him to the same position he was in before his opportunity to appeal expired. We hold that Hernandez is not entitled to <u>de novo</u> review of his claim on direct appeal.

We therefore review whether the government breached its plea agreement with Hernandez for plain error. Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. <u>United States v. Shelton</u>, 400 F.3d 1325, 1328-29 (11th Cir. 2005). If these three prongs are met, we may exercise our discretion to notice this error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. <u>Id.</u> In order for an error to be plain, it must be obvious or clear under current law. <u>United States v. Baker</u>, 432 F.3d 1189, 1207 (11th Cir. 2005). For an error to affect substantial rights, "in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." <u>United States v.</u>

3

Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1778, 123 L.Ed.2d 508 (1993). To establish prejudice, the defendant must show a reasonable probability of a different result. United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). Where the effect of an error on the district court's sentence is uncertain or indeterminate, the defendant cannot show prejudice. Id. at 1301.

The Government concedes that Hernandez has shown error that was obvious.[1] However, Hernandez cannot meet the third prong of the plain error test because it is uncertain whether the government's breach affected his sentence. The district court overruled Hernandez's objections to the obstruction of justice enhancement and lack of acceptance of responsibility adjustment for lack of a predicate to warrant sustaining them. Based on the district court's reasoning, it is, at best, unclear whether it would have granted a reduction for acceptance of responsibility. Without such a reduction, it would not have had grounds to consider a downward departure pursuant to United States v. Rodriguez, 64 F.3d 638 (11th Cir. 1995), which involved a situation where the defendant received an acceptance of responsibility reduction, but did not receive the benefit of that

_____

[1] Indeed, the Government's brief purports to concede that the other prongs of the plain error analysis have also been satisfied, and that the case should be remanded for resentencing. The brief indicates that the Government does so "for the following reasons." However, the reasons cited by the Government do not support a conclusion that the third and fourth prongs of the plain error analysis have been satisfied. Accordingly, we decline to accept the Government's concession.

4

reduction because his Guideline range exceeded the statutory maximum sentence. Although the district court was unable to tell whether Hernandez's expression of remorse was sincere, there is no indication in the record that, if the district court had believed he was sincere, it would have had any inclination to depart below the Guideline sentence. In addition, the district court did not express an opinion as to whether it believed Hernandez's sentence was excessive.

Because Hernandez cannot establish prejudice, we cannot notice this error, and, therefore, Hernandez's conviction and sentence are

**AFFIRMED.**