IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-50459
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOHN KENNETH COIL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-197-1

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John Kenneth Coil appeals the concurrent sentences imposed on remand of 33 months of imprisonment for transportation of obscene materials in interstate commerce for sale or distribution and 60 months of imprisonment for tax fraud. 18 U.S.C. §§ 1341, 1465.

"We review sentences inside and outside the advisory Guidelines range for reasonableness under the abuse of discretion standard of review." United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Lopez-Velasquez, __F.3d__, Nos. 07-10151, 07-10321, 2008 WL 1874577 at * 1 (5th Cir. Apr. 29, 2008) (citing Gall v. United States, 128 S. Ct. 586, 597 (2007)). Under Gall, prior to reviewing a sentence under the abuse-of-discretion standard, an appellate court must first determine whether the district court committed any "significant procedural error." Gall, 128 S. Ct. at 597. If the sentencing decision is procedurally sound, the appellate court then considers "the substantive reasonableness of the sentence" under an abuse-of-discretion standard. Id. "[A] sentence within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

Coil challenges the remedial portion of United States v. Booker, 543 U.S. 220 (2005), arguing that to the extent that the Supreme Court's decision made the Sentencing Guidelines advisory, Booker was wrongly decided and should be overruled because it violates the Separation of Powers doctrine. Coil concedes that this court cannot overrule Booker and acknowledges "that this Court rejected a similar (though not identical) argument in United States v. Scroggins, 411 F.3d 572 (5th Cir. 2005)," and he raises the issue to preserve its further review. As Coil concedes, absent an intervening decision to the contrary by the Supreme Court, the Supreme Court's opinion Booker opinion is binding. See Hopwood v. Texas, 84 F.3d 720, 722 (5th Cir. 1996) (Politz, CJ., dissenting from denial of rehearing en banc) ("The Supreme Court has left no doubt that as a constitutionally inferior court, we are compelled to follow faithfully a directly controlling Supreme Court precedent unless and until the Supreme Court itself determines to overrule it.").

Coil argues that the district court erred in calculating his criminal history category as II because the court included two sentences of imprisonment of less than one year and imposed more than ten years before the offenses of conviction commenced, in violation of U.S.S.G. § 4A1.2(e)(2). Issues not raised in an appeal

prior to this court's last order of remand are deemed abandoned. Eason v. Thaler, 73 F.3d 1322, 1329 (5th Cir. 1996). Coil's challenge to the calculation of his criminal history score was not raised in his appeal prior to this court's last order of remand and is deemed abandoned. See Eason, 73 F.3d at 1329.

Coil argues that the district court failed to make findings justifying the enhancements to his base offense level on count 23. Because Coil did not raise this argument in the district court, review of this procedural objection is for plain error only. See Lopez-Velasquez, 2008 WL 1874577 at *1 (relying on United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007) (applying plain error to unraised issue concerning the reasonableness of a sentence), petition for cert. filed (Jan. 22, 2008) (No. 07-8978)). On plain error review, this court "may correct the sentencing determination only if (1) there is error (and in light of Booker, an 'unreasonable' sentence equates to a finding of error); (2) it is plain; and (3) it affects substantial rights." Peltier, 505 F.3d at 392 (citation omitted). "Moreover, [FED. R. CRIM. P.] 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

At resentencing, the district court considered Coil's objections to the Presentence Report's (PSR) recommended enhancements for a leadership role in the offense, for more than minimal planning, and for the use of sophisticated means and overruled them. In overruling the objections, the court stated that the enhancements were "traditional considerations that [had] always been applied by sentencing courts with or without guidelines before, during, and after." The court added that it was "more than appropriate to apply them to any process of arriving at a reasonable sentence in this case." The record reflects that the district court adopted the PSR. The district court may adopt the recitation of facts found in the PSR, provided that there is a sufficient basis for

these facts and the defendant adduces no rebuttal evidence. United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006). Coil has not met the burden of demonstrating that the district court should not have relied upon the PSR. See United States v. Betancourt, 422 F.3d 240, 248 (5th Cir. 2005). He has shown no error, plain or otherwise.

Coil asserts that the district court did not refer to 18 U.S.C. § 3553(a) or to any of the factors set forth in § 3553(a) in imposing sentence. This court requires arguments to be briefed in order to be preserved. Yohey v. Collins, 985 F.2d 224, 225 (5th Cir. 1993); FED. R. APP. P. 28(a)(9). Coil's broad statement of error without argument or citation to relevant authority is inadequate for purposes of appeal, and the issue is deemed abandoned. See Yohey, 985 F.2d at 225.

Finally, Coil argues that his 60-month statutory maximum sentence on count 23 was unreasonable because the sentence deprived him of any benefit for acceptance of responsibility. He notes that his guidelines range was 63 to 78 months of imprisonment or more than the 60-month statutory maximum, and he refers to U.S.S.G. § 5G1.1(a), which provides that "where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." Coil relies on United States v. Rodriguez, 64 F.3d 638 (11th Cir. 1995), a pre-Booker decision, arguing that the district court had the discretion to downwardly depart.

To the extent that Coil argues that the district court should have downwardly departed based on his acceptance of responsibility, a court of appeals is generally without jurisdiction to review a sentencing court's refusal to grant a downward departure when its decision is based upon a determination that a departure was not warranted on the facts of the case before it. United States v. Hernandez, 457 F.3d 416, 424 (5th Cir. 2006). The court retains jurisdiction to review "whether the district court's imposition of a guideline

sentence instead of a non-guideline sentence was reasonable." United States v. Nikonova, 480 F.3d 371, 375 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007). Because Coil did not argue in the district court that the 60-month sentence deprived him of credit for acceptance of responsibility and rendered his sentence unreasonable, review is for plain error only. See Lopez-Velasquez, 2008 WL 1874577 at *1; Peltier, 505 F.3d at 392.

Coil's sentence, within a properly calculated guidelines range, is presumptively reasonable. See Alonzo, 435 F.3d at 554. Because Coil's 60-month sentence was within the advisory guidelines range, this court "will give great deference to that sentence" and "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). Coil has not shown error, plain or otherwise with respect to his argument that his 60-month sentence was unreasonable because it failed to accord him credit for acceptance of responsibility. See Gall 128 S. Ct. at 596; see also Lopez-Velasquez, 2008 WL 1874577 at *1; Peltier, 505 F.3d at 392.

AFFIRMED.