[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15534
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60178-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUANE GILLETTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 1, 2012)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Duane Gillette appeals the procedural and substantive reasonableness of his

240-month sentence for distribution of child pornography.  On appeal, Gillette argues that his sentence is procedurally unreasonable because the district court did not consider his arguments or the 18 U.S.C. § 3553(a) sentencing factors.  He argues that his sentence is substantively unreasonable because it was longer than necessary given the characteristics of his offense.  For the reasons set forth below, we affirm Gillette's sentence.

## I.

In November 2010, Gillette sent and received, via email, child pornography.  Federal Bureau of Investigation agents searched his home and storage unit in June 2011 and found more than 400 videos and more than 2,000 images depicting child pornography.  The images included young children, infants, and bondage involving minors.

Gillette pleaded guilty to distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2).  His presentence investigation report ("PSI") assigned him a base offense level of 22, under U.S.S.G. § 2G2.2; a 2-level increase, under § 2G2.2(b)(2), because the pornography involved a minor under the age of 12; a 5-level increase, under § 2G2.2(b)(3)(B), because the offense involved distribution in exchange for a thing of value; a 4-level increase, under § 2G2.2(b)(4), because the pornography portrayed sadistic or masochistic conduct; a 2-level increase,

2

under § 2G2.2(b)(6), because the offense involve a computer; and a 5-level increase, under § 2G2.2(b)(7)(D), because the offense involved at least 600 images. Gillette received a 3-level reduction, under U.S.S.G. § 3E1.1, for acceptance of responsibility, which gave him a total offense level of 37. Gillette received 1 criminal history point for a state conviction in 2003 for lewd or lascivious exhibition to an individual under the age of 16. He was sentenced to five years' probation in that case, and he was required to register as a sex offender in Florida. In 1993, he had been arrested for indecent assault of a child under the age of 16. The adjudication was withheld in that case, and Gillette received two years' probation. He received no criminal history points for the 1993 offense. Gillette's criminal history category was I. Based on a total offense level of 37 and a criminal history category of I, Gillette's guideline range was 210 to 262 months' imprisonment. Because the statutory maximum sentence was 240 months' imprisonment, under U.S.S.G. § 5G1.1, his guideline range became 210 to 240 months' imprisonment.

Prior to the sentencing hearing, Gillette objected to the PSI, arguing that, under *United States v. Rodriguez*, 64 F.3d 638 (11th Cir. 1995), he should receive a downward departure for acceptance of responsibility. He asserted that, without such a reduction, his guideline range would be above the statutory maximum

3

sentence and he would not benefit from his acceptance of responsibility. Gillette also moved for a downward variance on grounds that, among other reasons, he had exhibited exceptional acceptance of responsibility, he had good prospects for rehabilitation, and his crime was an anomaly in his life. In a letter to the court, Gillette accepted responsibility and expressed remorse for his actions, explained that abuse he experienced as a child influenced his actions, and stated that he was working to get well and change his life. Finally, Gillette submitted two psychological evaluations and a number of letters that his friends had written in support of him.

At the sentencing hearing, Gillette argued that a 3-level reduction for acceptance of responsibility was insufficient because, with that reduction, the guideline range would nonetheless include the 240-month statutory maximum sentence. A downward variance or departure for acceptance of responsibility was thus appropriate because, without one, Gillette would not benefit from the acceptance-of-responsibility reduction due to the statutory maximum sentence. The court stated that Gillette's guideline range had already been lowered due to the statutory maximum sentence being below the high end of the range. Although Gillette's argument was interesting, there was no compelling reason to impose a downward variance or departure, and the court declined to do so.

4

As to Gillette's offense, the court stated that this case was one of the more egregious "noncontact" child pornography cases it had seen. Additionally, child pornography crimes were not victimless crimes. Gillette acknowledged that his crime was not a victimless crime, but he also argued that he had not had contact with any of the victims. The court responded that the guideline calculations already took into account the fact that Gillette had not had contact with the victims. Gillette agreed, but argued that he was unlikely to commit future offenses. In November 2010, before the government found Gillette's child pornography, he had put his computer in storage, and he had not possessed child pornography since that time. Gillette had also sought treatment for his behavior. Through those actions, Gillette had exhibited an exceptional acceptance of responsibility and therefore deserved a downward departure.

The court stated that it had read the letters and psychological reports that Gillette had submitted. As to Gillette's sentence, the court stated that, although the advisory guideline ranges for child pornography offenses sometimes seemed "draconian," this case was not Gillette's first offense involving children. Additionally, Gillette had possessed a large number of images. The court noted that it had imposed below-guideline sentences in cases where, unlike Gillette, the defendants had possessed only a small number of images. Moreover, although the

5

guideline range might be harsh, Congress ultimately had the "right to declare the will of the people" and to promulgate guideline ranges to reflect the appropriate sentence in a particular case. The court believed that the guideline ranges promulgated by the Sentencing Commission were usually fair, and the court did not believe that Gillette's case was one in which a sentence outside the guideline range was appropriate, particularly given Gillette's previous behavior.

Additionally, the court found it unfortunate that Florida had not imposed more meaningful punishments in Gillette's prior cases because, had the state done so, perhaps Gillette would have stopped his illegal conduct earlier and never committed the instant offense. The court had considered the parties' statements; the PSI, which contained the advisory guideline range; and the statutory sentencing factors. A sentence at the high end of the guideline range was necessary to reflect Gillette's repeated misconduct involving children. Thus, the court sentenced Gillette to 240 months' imprisonment.

## II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). Under the abuse of discretion standard, a sentence will be affirmed unless we find that the district court has made a clear error of

6

judgment.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011).  "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented."  *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (quotation omitted).  The party challenging a sentence bears the burden of establishing that it is unreasonable.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In reviewing the reasonableness of a sentence, we conduct a two-step review, first ensuring that the sentence was procedurally reasonable, meaning that the district court properly calculated the guideline range, treated the guideline range as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and "adequately explain[ed] the chosen sentence."  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.  At the time of sentencing, the court must state its reasons for imposing a particular sentence.  18 U.S.C. § 3553(c). However, the court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  Rather, it is within the district court's "own professional judgment" to determine the detail necessary in its statement of reasons.  *Rita v. United States*, 551 U.S. 338, 356,

7

127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).  It may be clear from the circumstances of the case that the district court rests its "decision upon the [Sentencing] Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the [court] has found that the case before [it] is typical."  *Id.* at 357, 127 S.Ct. at 2468.  Thus, the court's acknowledgment that it has considered the § 3553(a) factors together with the parties' arguments is sufficient.  *Talley*, 431 F.3d at 786.

In *Rodriguez*, which was decided when the Sentencing Guidelines were still mandatory, we held that a district court has the discretion to depart downward when § 5G1.1(a)—which sets the guideline range at the statutory maximum where the bottom of the applicable guideline range exceeds the statutory maximum— renders § 3E1.1 ineffectual in reducing the defendant's actual sentence.  64 F.3d at 643.

Once we determine that a sentence is procedurally sound, we must examine whether the sentence was substantively reasonable in light of the record and the § 3553(a) factors.  *Talley*, 431 F.3d at 788.  The district court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2).  18 U.S.C. § 3553(a).  These purposes include

8

the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). We ordinarily expect a sentence within the guideline range to be reasonable. *Talley*, 431 F.3d at 788. Child pornography crimes are serious offenses, particularly in light of the psychological harm that the child victims face even as adults. *United States v. Pugh*, 515 F.3d 1179, 1195-98 (11th Cir. 2008).

Gillette's sentence is both procedurally and substantively reasonable. As to procedural reasonableness, the court properly calculated the guideline range, treated that range as advisory, stated that it considered the § 3553(a) factors, explained that guideline ranges as determined by the Sentencing Commission were generally fair, and determined that a sentence within Gillette's guideline range was fair given the circumstances of this case. Contrary to Gillette's arguments on appeal, the court did consider Gillette's arguments and the § 3553(a) factors. The

9

court first considered Gillette's argument regarding an additional reduction for acceptance of responsibility. The court noted that it was an interesting argument, but that there was no compelling reason to further reduce Gillette's guideline range. Moreover, contrary to Gillette's contention, *Rodriguez* is inapplicable here. Unlike the district court in *Rodriguez*, the district court in this case did not treat the Sentencing Guidelines as mandatory, and the bottom of Gillette's guideline range did not exceed his statutory maximum sentence. *See* 64 F.3d at 643.

Gillette argues on appeal that the court improperly denied his request for an additional reduction simply because the court was unhappy that Gillette received a break due to the statutory maximum sentence. Gillette misreads the record. In stating that the statutory maximum sentence provided Gillette a break, the court was merely noting that Gillette's guideline range, after a reduction for acceptance of responsibility, would have been 210 to 262 months. Due to the statutory maximum sentence, however, the high end of Gillette's guideline range was reduced from 262 to 240 months. Thus, the court was correct that the statutory maximum sentence had actually benefitted Gillette in terms of the guideline calculations, and the court's statement was not improper. Gillette also misreads the record as to the court's statements regarding his state court crimes. The court did not state that it was imposing a 240-month sentence because Florida had been

10

too lenient in punishing Gillette, as Gillette asserts on appeal. Rather, the court stated that those lenient punishments were unfortunate because more meaningful punishments might have deterred Gillette from committing the instant offense.

Moreover, it is clear from the record that the court considered Gillette's sentencing arguments and the § 3553(a) factors. For example, as to the nature of the offense, the court noted that Gillette's conduct was amongst the most egregious noncontact conduct the court had seen in child pornography cases. The court also expressly stated that it had considered the parties' arguments; the PSI, which contained the advisory guideline range; and the statutory factors. As to the guideline range and Gillette's personal history and characteristics, the court explained that the Sentencing Guidelines expressed the will of the people as to what was an appropriate sentence in a specific case and that, generally, a defendant's guideline range was fair. The court acknowledged that, while the guideline ranges for child pornography cases could be extreme, the range applicable in Gillette's case was fair given the number of images he possessed and his past conduct involving minors. Because the court stated that it had considered the § 3553(a) factors and the parties' arguments and found that the guideline range was fair, no additional detail was necessary in the court's explanation of the sentence. *See Rita*, 551 U.S. at 356-57, 127 S.Ct. at 2468; *Talley*, 431 F.3d at 786.

11

Gillette's sentence is also substantively reasonable in light of the record and the § 3553(a) factors. The 240-month sentence was within the applicable guideline range, and we ordinarily expect such a sentence to be reasonable. *See Talley*, 431 F.3d at 788. The sentence, moreover, met the goals encompassed within § 3553(a). Gillette possessed more than 400 videos and more than 2,000 images of child pornography, a serious crime. *See Pugh*, 515 F.3d at 1195-98. In addition to possessing such a large collection of child pornography, Gillette shared his collection with others, and the collection included young and infant children and images depicting bondage with minors. Due to these specific offense characteristics, Gillette's 240-month sentence was reasonable and will not produce unwarranted sentencing disparities. Additionally, the instant offense was not Gillette's first crime in which minors were put at risk. Considering Gillette's repeated disregard for laws protecting children, a sentence within the guideline range was necessary to promote respect for the law, provide just punishment, deter Gillette from further criminal activity, and protect the public. Based on the above, Gillette's ultimate sentence was reasonable, and we will not re-weigh the § 3553(a) factors. *See Snipes*, 611 F.3d at 872.

For the foregoing reasons, we affirm Gillette's sentence.

**AFFIRMED.**

12