# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40069
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HOMERO SANCHEZ-ARRIAGA, also known as Gustavo Castillo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-932-1

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Homero Sanchez-Arriaga appeals the 120-month sentence imposed for his conviction for being a felon in possession of a firearm. He argues, for the first time on appeal, that the sentence is procedurally unreasonable because the district court failed to address his request for a variance and consider his cooperation as a mitigating factor under 18 U.S.C. § 3553(a) and that the sentence is substantively unreasonable because the district court effectively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied him any credit for acceptance of responsibility by sentencing him to the statutory maximum sentence.

We review his arguments for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Sanchez-Arriaga must show that the error was clear or obvious and affects his substantial rights. *See id.* If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

There is no indication that the district court thought it lacked the authority to vary downward to account for Sanchez-Arriaga's cooperation. *See United States v. Robinson*, 741 F.3d 588, 599, 601 (5th Cir. 2014). Thus, there is no plain error in this regard. *See Puckett*, 556 U.S. at 135. Because the sentence imposed was within the guidelines range, little explanation of the sentence was required, *see Rita v. United States*, 551 U.S. 338, 356-57 (2007), and we will infer that the district court considered the § 3553(a) factors, *see United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Moreover, even if the district court plainly erred, Sanchez-Arriaga has not shown that his substantial rights were affected. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009).

We have rejected the argument that a district court imposes a substantively unreasonable sentence by sentencing a defendant to the statutory maximum sentence in this circumstance. *See United States v. Coil*, 280 F. App'x 358, 361-62 (5th Cir. 2008). Thus, there is no clear or obvious error. *See United States v. Guerrero-Robledo*, 565 F.3d 940, 946 (5th Cir. 2009). Moreover, Sanchez-Arriaga's arguments against the imposition of the statutory maximum sentence do not show a clear error of judgment on the

district court's part in balancing the § 3553(a) factors; instead, they constitute a mere disagreement with the weighing of those factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Accordingly, he has failed to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.