# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 18-0903 (Putnam County 11-F-150)**

**Casey Ryan Moles,**
**Defendant Below, Petitioner**

**FILED**

**October 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Casey Ryan Moles, by counsel Herbert L. Hively, II, appeals the September 14, 2018, order of the Circuit Court of Putnam County that sentenced petitioner to thirty-five years in prison for violating the terms of his supervised release. The State of West Virginia, by counsel Scott E. Johnson, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 5, 2013, petitioner was sentenced to time served for his conviction of possession of material visually portraying a minor engaged in sexually explicit conduct ("child pornography") under West Virginia Code § 61-8C-3. The circuit court ordered petitioner to serve fifteen years of supervised release under West Virginia Code § 62-12-26, beginning September 5, 2013. The terms of petitioner's supervised release precluded petitioner from being in possession of child pornography. Seventeen days later, petitioner was found to be in possession of child pornography. He was arrested and incarcerated for violating the terms of his supervised release. On November 11, 2013, petitioner admitted to the circuit court that he violated the terms of his supervised release by being in possession of child pornography. On December 12, 2013, the circuit court revoked petitioner's supervised release and ordered that he serve five years in prison and, upon his release, complete thirty-five years of supervised release. Two-and-a-half years later, on June 12, 2016, petitioner discharged his five-year sentence and his thirty-five-year period of supervised release commenced.

Thirteen months later, on September 19, 2017, petitioner was again arrested for possessing child pornography and incarcerated for violating the terms of his supervised release. The State filed a petition to revoke petitioner's supervised release. At a December 15, 2017, hearing,

1

petitioner admitted to violating the terms of his supervised release. The circuit court revoked petitioner's supervised release and set a sentencing hearing for March 1, 2018. At the sentencing hearing, petitioner admitted to having contact with persons under the age of eighteen without notifying his probation officer, and to possessing child pornography while on supervised release. The circuit court ruled as follows:

> [Petitioner], I appreciate your comments to the Court, although they were, I believe, contradictory to what was received in this Presentence Investigation Report, particularly with regard to the contact with this underage age girl, because I have these text messages that clearly indicate that you were aware of the fact the girl was underage. So I don't find your statements with regard to that particularly credible. And it does trouble me that we are here on a second violation so quickly in this matter and it causes the Court to have safety concerns with regard to you.

> So . . . I'm going to sentence you . . . with regard to your violation in this matter, I'm going to revoke your supervised release and order that you spend the remainder of the term of 35 years, which I had previously given you on certain supervised release, in the custody of the DOC and that you be given credit for time served of 164 days. I'm also going to order that once you've completed that sentence and are released from custody, that you be placed on an additional period of supervised release for a period of ten years under the terms and conditions that are set out in this order . . . .

On September 14, 2018, the circuit court resentenced petitioner for the purpose of this appeal. Petitioner now appeals that order. "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).

On appeal, petitioner argues that his thirty-five year sentence is constitutionally disproportionate because it shocks the conscience and is not proportionate to the character and degree of his offense.

This Court has consistently recognized that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Here, petitioner's thirty-five-year sentence is significantly less than the possible fifty-year maximum sentence permitted by West Virginia Code § 62-12-26 for a child sexual offender's violation of the provisions of supervised release. As such, petitioner's sentence is within statutory limits. In fact, petitioner acknowledges that his sentence is within the range found in West Virginia Code § 62-12-26, and admits this case is "arguably non-reviewable." Nevertheless, he claims we should review his sentence because the circuit court allegedly considered impermissible factors in sentencing him. Specifically, petitioner claims he admitted to violating the terms of his supervised release both times he was caught in possession of child pornography. Petitioner also claims that, at his March 1, 2018, sentencing hearing, he showed remorse for his actions and accepted responsibility for the seriousness of his crimes. Finally, petitioner claims that when he violated the terms of his supervised release, he did so in the "privacy of his daily life" and harmed no actual

person.[1]

We reject petitioner's claim that the circuit court relied on "impermissible factors," i.e., (1) admitting noncompliance, (2) showing remorse and accepting responsibility for one's actions, and (3) claiming to have never harmed an actual person. Petitioner cites no authority that such things are impermissible factors under the law. Instead, the impermissible factors a court should not consider in sentencing include such matters as "race, sex, national origin, creed, religion, and socioeconomic status . . . ." *United States v. Onwuemene*, 933 F.2d 650, 651 (8th Cir. 1991) "Moreover, sentencing an offender on the basis of factors such as race, national origin, or alienage violates the Constitution." *Id.* Here, the circuit court did not consider race, gender, national origin, creed, religion, socioeconomic status, alienage, or any other impermissible factor in determining petitioner's sentence. Therefore, we reject petitioner's argument.

Accordingly, because petitioner's sentence is within statutory limits and petitioner fails to show that the circuit court based his sentence on some impermissible factor, petitioner's sentence is not subject to appellate review. For the foregoing reasons, we affirm the September 14, 2018, order of the Circuit Court of Putnam County that sentenced petitioner to thirty-five years in prison for his violation of the terms of his supervised release.

Affirmed.

**ISSUED:** October 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[1] One of the alleged "impermissible factors" petitioner claims is that he never caused harm to an actual person. We emphatically disagree. "Child pornography crimes are serious offenses, particularly in light of the psychological harm that the child victims face even as adults." *United States v. Gillette*, 485 F. App'x 416, 420 (11th Cir. 2012). "Child pornography harms and debases the most defenseless of our citizens." *United States v. Williams*, 553 U.S. 285, 307 (2008). "To possess such material is to victimize children in a significant and active manner." *United States v. Ramey*, 721 F. App'x 135, 138 (3d Cir. 2018). Thus, "[b]ecause possession of child pornography is a serious offense, it should be met with a serious punishment." *United States v. Rothwell*, 847 F. Supp. 2d 1048, 1067 (E.D. Tenn. 2012).

3